## James Miller v. Starkey Gaskins.

The provisions of the Code of Practice, art. 746, *et seq* , authorizing summary process to enforce judgments rendered in other States or in foreign countries, instead of the ordinary action on the record, which was formerly the only mode of proceeding, must be strictly pursued ; and the party resorting to it must show, that he comes clearly within the law, not in appearance only, but in reality.

Defendant having procured an order of seizure and sale, on a judgment rendered in another State against the plaintiff, a resident of Louisiana, under process of arrest, the latter enjoined the proceeding, alleging, though it appears from the record that an answer was put in for him by an attorney, that no one was authorized to appear for him, and that he never appeared or defended the action. On a motion to dissolve, on the ground that the facts alleged, though true, are insufficient to maintain the injunction : *Held*, that admitting the allegations of the petition to be true, the judgment can have no greater effect than one rendered, after personal services, but without appearance, on a judgment by default ; and that the motion should have been overruled.

APPEAL by the plaintiff from a judgment of the District Court of Concordia, *Curry*, J.

*Saunders*, for the appellant.

*F. H. Farrar*, for the defendant.

BULLARD, J. Gaskins, having obtained a judgment in the State of Mississippi, against Miller, a resident of Louisiana, as endorser of a promissory note, on presenting an authenticated transcript of the record, procured from the judge of the ninth district, a summary execution, or order of seizure and sale, against the property of the defendant. Proceedings on this process were arrested by an injunction sued out by Miller, founded upon various allegations, which we shall presently set forth in substance. The injunction was afterwards dissolved, on the motion of the defendant, on the grounds : *first*, that the facts and allegations set forth in the petition, even if true, are insufficient in law to maintain the injunction ; and *secondly*, that no sufficient affidavit was made.

The allegations set forth in the petition are, substantially : That, in February, 1839, Gaskins brought suit against Miller in Mississippi, upon a note endorsed by him and others, as accomodation endorsers for Baily & Wade of that State and Smalley of Louisiana, the drawers thereof, and recovered judgment against him at the November term, 1840, in pursuance of which judgment ex-

ecutory process had been issued. That at the time of endorsing the note, and of the institution of the suit and the recovery of the judgment, Miller was, and that he is yet, a resident of the parish of Concordia, within twenty-two miles of Natchez, where Gaskins then resided ; that his residence was well known to Gaskins, who sued him in Mississippi, and caused him to be held to bail, about the time that imprisonment for debt was abolished in that State, which was done for the purpose of harassing and oppressing him. That after being arrested, he was advised that the law requiring bail had been repealed, and that the bail was not responsible. That he consequently left the State of Mississippi where he had been on a casual visit, and where he had no estate, without ever having engaged any counsel to defend said suit, and with the firm purpose not to do any act by which Gaskins could obtain a judgment in that State to bind him in Louisiana, because, *first*, it was a vexatious suit, and *secondly*, because the drawers of the note resided in Mississippi near Natchez, and were then and yet are amply able to pay said note, and because he, Miller, had never had notice of the non-payment of the note, and because he preferred being sued at his domicil where he had endorsed said note, rather than in a foreign jurisdiction. It is further alleged that, although it appears by the record that a plea was put in, it never was done by his authority or consent. That he has since heard that Baily spoke to the attorneys who put in the plea, but it was without his consent; and he has been informed that no defence was made, nor witnesses called, nor any plea filed setting up the true defence to the note, and that, consequently, the judgment was recovered against him by fraud or mistake, and is not, as to him, *res judicata*, but is void in law, or entitled to no higher dignity than a judgment rendered by default. It is further alleged that, when Gaskins discovered that the makers of the note objected to paying, upon grounds unknown to the endorsers until afterwards, he became infuriated, and made threats that he would put all the parties to all the cost and trouble that he could, and that, although the laws of Mississippi required that the drawers and endorsers shall all be sued together, he brought suit separately against the several parties ; that the endorsers, being sureties only, made no effort at any real defence ; that long after suit was instituted

against him, he discovered, for the first time, that the original consideration for the note endorsed by him was vicious and unlawful, in this, that it was executed by Baily and his sureties for four negro slaves introduced into the State of Mississippi, by Gaskins, for sale and as merchandise, in violation of the constitution of that State, and that the said note was tainted with usury. The petitioner further asserts, that he has since been advised by Baily not to pay the judgment, that he has prosecuted a writ of error to the High Court of Errors and Appeals of the State of Mississippi, it being the court of the last resort, and that the judgment recovered by Gaskins on the note has been reversed ; and thus said judgment is forever barred, and the illegality of the consideration established.

The motion to.dissolve the injunction for want of equity on the face of the papers, assumes as true the allegations in the petition or bill. The question then is, whether the petition in this case discloses sufficient grounds in law, to arrest the proceedings on the summary process issued upon the foreign judgment.

The Code of Practice authorizes the issuing of executory process upon judgments rendered in other States, when they have acquired the force of the thing adjudged, unless it appear that they were rendered by default or upon attachment, in which cases resort must be had to the ordinary action. Code Pract., arts. 746, 747.

If the question before the court were, as to the validity and conclusiveness of the judgment pronounced in the State of Mississippi, under the circumstances disclosed in the petition, we should not be disposed to contest the principle laid down by the judge of the District Court, that we cannot go behind the judgment recovered in a sister State when the party has been personally cited to appear, or has appeared either in person or by counsel ; and that a judgment rendered, as this appears to have been, is *res judicata*, the party having had an opportunity to avail himself of his legal defences. But the question appears to be, not so much whether the plaintiff would be entitled, *via ordinaria*, to recover on the transcript of this judgment or record, as whether it authorizes the issuing of summary process according to the provisions of the Code. The plaintiff in the injunction swears that he never employed counsel, nor authorized any to appear for

him.   We think it clear that a defendant is not bound to enter an appearance unless he thinks proper, and equally clear that he may disown an attorney who has assumed to appear for him.   It must be taken as true, then, that there was in fact no appearance in the case in Mississippi by the plaintiff with his consent; and although, apparently, he was represented, and the judgment pronounced contradictorily with him, yet in truth it was no better than if a judgment by default had been taken for want of an appearance.   The defendant in the injunction, in addition to the motion to dismiss, pleads to the merits, if the motion should be overruled, and puts the facts in issue.   But the case went off below upon the motion to dissolve, and we cannot inquire into the merits.   Whether the note, therefore, was given for an illegal consideration, and whether the highest court in Mississippi has or has not released the principals by a final judgment upon a writ of error, are questions which do not properly arise in the present stage of this case.   Our inquiry is confined to the question, whether the judgment was rendered in Mississippi against the plaintiff in injunction, in such a manner as to authorize the issuing of summary process according to the Code of Practice.

Those provisions of the Code of Practice which introduced the summary proceedings to enforce judgments in other States, instead of the ordinary action upon the record, which was formerly the only mode of proceeding known to the law in this State, and is believed yet to be in most of the States, must be strictly pursued, and the party resorting to so harsh a remedy must show that he comes clearly within the law, not only in appearance but in reality.   An inspection of the record from Mississippi shows, it is true, that counsel appeared for the defendant in the case; but he swears (and we are to take what he says as true,) that they were unauthorized by him.   It is not pretended, indeed, that the plaintiff knew of the want of authority in the attorneys, and consequently no fraud is imputable to him; but he makes his motion to dissolve the injunction even upon the hypothesis that there was not, in fact, an appearance on the part of the present plaintiff in that case.   Under such circumstances we think the judgment ought not to have, against the defendant, any greater force than if rendered after personal service, but

without appearance, and upon a judgment by default; and, consequently, that the summary proceeding ought to remain arrested until after a trial upon the merits.

It is, therefore, ordered that the judgment of the District Court be reversed; that the motion to dissolve the injunction be overruled, and the injunction reinstated; and that the case be remanded for further proceedings according to law, the appellee paying the costs of the appeal.