## No. 9568.

### JOHN PASLEY vs. ANN McCONNELL ET AL.

Appellants have a right to join in one motion and in one bond, when the suit is a unit and one judgment only is rendered in it.

A bond conditioned for an amount ample enough to cover costs, and which is that fixed by the court in the order granting the appeal, is sufficient to support a suspensive appeal taken from a judgment in a petitory action, where the property in dispute is under sequestration in the custody of the sheriff, and no money claim is allowed by the court.

A bond of appeal need not be signed by appellants, or by any one for them.

In an action by a judgment debtor to annul a sheriff's sale of his property seized under a judgment against him, the adjudicatee cannot question his original title, because that would destroy the sole foundation of his own.

When property has been sold in execution of a judgment during the pendency of a devolutive appeal, the subsequent reduction of the amount of the judgment by the appellate court has no effect upon the validity of the title acquired at the sale, even if the purchaser be the judgment creditor. The latter is only bound to restore the excess of the price which may have been applied to her original judgment.

The non-payment of accrued taxes does not destroy the validity of the adjudication.

The rule of Art. 684, C. P. prohibiting sale unless the price bid exceed prior mortgages and privileges, applies exclusively to special or conventional mortgages.

The mortgage certificate in this case showed no conventional mortgages or privileges exceeding the bid.

The registry of seizure of immovable property in New Orleans, under Act 189 of 1857, operates merely as a substitute for actual seizure and possession by the sheriff, and has nothing to do with the establishment or notice of a privilege. The privilege resulting from such seizure arises not from its registry, but from its actual continuance as a subsisting seizure.

When a prior special mortgage has been cancelled and erased from the records prior to the sale, in pursuance of a final judgment to that effect by a court of competent jurisdiction, and does not appear on the mortgage certificate read at the sale, the judgment debtor cannot, long afterwards, claim the nullity of the sale on the ground that the price bid did not exceed the amount of such cancelled mortgage.

Pasley vs. McConnell et al.

APPEAL from the Civil District Court for the Parish of Orleans. *Tissot*, J.

*W. S. Benedict* for Plaintiff and Appellee.

*J. Magioni* and *J. Timony* for Defendants and Appellants:

I.

Where appellants were not condemned to pay any sum of money, or deliver any property, the bond need only be to cover costs. 30 Ann. 801.

Where an appeal is taken from a judgment, and the property is in the hands of the officer of the court, under an order issued on the petition of plaintiff and appellee, a bond fixed by the judge for an amount to cover costs is suspensive. 7 N. S. 352; 10 Ann. 345; 27 Ann. 231, 685.

But where the appellant has complied with the judge's order and given bond in the sum fixed, if the bond is insufficient for a suspensive appeal, still it is good for a devolutive appeal. 15 Ann 333.

Where the certificate of the clerk is in the usual and proper form, and the appellee finds that the evidence, which is necessary to him, is not in the record, he should have suggested a diminution of the record and called for a *certiorari*. 27 Ann. 444.

Where the ground is that the appeal bond is not conditioned as law directs, without setting forth the particular defects contemplated by appellee, that is not sufficient. 17 Ann. 78.

II.

A judicial declaration made by a party, that certain property did not belong to him, will be estopped from claiming it, when it is afterwards decreed that the property did belong to him, and that he was only screening it from his creditors by means of simulated sales. 32 Ann. 979.

Where a party shows a judgment, execution and deed of sale, or proces verbal of sale, it is *prima facie* evidence of a valid alienation, and the party attacking the sale must show the forms of law have not been fulfilled. 19 L. 307.

When a party appoints an appraiser at a sheriff's sale, he cannot afterwards be heard to controvert the proceeding to which he had given his assent. 3 Ann. 453; 27 Ann. 314.

Where a party has directed the sheriff to sell the property in block, that is more than the appointment of an appraiser; it gives to the execution sale the force and effect of a voluntary sale. 6 L.

A sale of property under execution, on a judgment from which no suspensive appeal has been taken, will divest the title of the owner, though the judgment be afterwards reversed. 5 N. S. 214; 1 R. 94; 2 Ann. 221; 15 Ann. 99; 25 Ann. 515.

The validity of a sheriff's sale is not affected by the fact that the accrued taxes on the property conveyed by the deed had not been paid. 29 Ann. 211.

## ON MOTION TO DISMISS.

The opinion of the Court was delivered by

BERMUDEZ, C. J.  The appellee claims that the appeal should be dismissed, because:

1. The defendants have joined in one motion and given one bond only;

2. The bond is not properly conditioned;

3. The bond is insufficient in amount;

4. The bond is not signed by the appellants, or either of them, or by attorney.

Pasley vs. McConnell et al.

### I.

The suit is for the recovery of certain real estate and the revenue thereof.

The property in dispute was sequestered and is still in the sheriff's custody.

The recovery is asked contradictorily with the several defendants against whom, without any discrimination, judgment was rendered in plaintiff's favor, without passing on his money demand, which was reserved.

There is but one petition and one prayer, one substantial defense although there be several answers, one judgment only was rendered.

It is not perceived why all the defendants, who are alike dissatisfied with the finding against them, should not, by one and the same motion, appeal from it and, in pursuance of the order of court allowing the appeal, furnish but one bond, for the amount prescribed.

The law does not provide that this shall not be done and the court is impotent to establish prohibitions where none has been imposed.

The bond is in terms sufficient to recover in case of affirmance of the judgment appealed from as well against the appellants as against their surety. Succession of Clark, 30 Ann. 801.

### II AND III.

It cannot be required that the bond be given under the provisions of art. 577, C. P., although the judgment appealed from decree the delivery of real estate. The reason is obvious: that the property is not in the possession of the defendants, but in the custody of the law. The sheriff holds it and collects its revenues for account of the party or parties who may be ultimately adjudged entitled thereto.

In such instances, it has been repeatedly held, that a bond for costs is sufficient. This is the more so, where the order allowing the appeal fixes the amount of the bond, the law being silent as to it, and the bond is furnished exactly in accordance with the terms of the order. 30 Ann. 801.

### IV.

It is unnecessary that an appeal bond be signed by the appellant. The bond in this case was, however, signed for the appellants, whose names are written at foot thereof, by one of their counsel, who so attests expressly.

The motion to dismiss is overruled.

### ON THE MERITS.

FENNER, J. Mrs. McConnell, in May, 1882, recovered a judgment against Pasley in the Civil District Court for $14,660.59, from which Pasley took a devolutive appeal.

During the pendency of said appeal, Mrs. McConnell caused a *fi. fa.* to issue on her judgment, under which various pieces of real estate belonging to Pasley were seized and advertised for sale.

Pasley made no opposition to the proceeding, but, on the contrary, appointed an appraiser and gave his consent that the property should be sold in block.

The property was appraised at $13,900, and was adjudicated to Mrs. McConnell at the price of $9,500 cash. ·

There being unpaid taxes due on the property the sheriff withheld his deed, but, these taxes having been subsequently paid, the sheriff gave to Mrs. McConnell the *procès verbal* of the adjudication, which was duly registered in the conveyance office in January, 1883. No sheriff's deed has ever been passed, for what reason the record does not advise us.

It is shown that the price has never been paid in money, and it does not appear how it was imputed—whether as a credit upon the writ or retained by the purchaser for satisfaction of anterior mortgages ; but the purchaser received delivery of the property in January, 1883, after payment of the taxes.

On November 17, 1883, she made a *dation en paiement* of the property to her three sons, John, William and Robert Ermon.

In January, 1884, upon the devolutive appeal of Pasley, this Court rendered its decree reducing the judgment of Mrs. McConnell from $14,660.59 to $2,980.

Thereafter, on January 28, 1884, Pasley brought the present action against Mrs. McConnell and the Ermons, her transferrees, in which he alleges the nullity of their titles on various grounds, and prays to be decreed the owner of the property, to recover possession thereof and to have an accounting of the revenues.

I.

The pleas of estoppel filed by defendant, based on certain judicial allegations of Pasley denying ownership of the property made in other suits in support of transfers made by himself which were set aside as fraudulent simulations, have no merit.

Defendants have no title to this property, except the title of Pasley, and they cannot dispute his ownership of the property at the date of sale without thereby destroying their own title.

II.

The reduction of the judgment of Mrs. McConnell by this Court has no effect upon her title as purchaser at the judicial sale pending the devolutive appeal.

She had the right, under the law, to execute her judgment and to become the purchaser at the sale. Baillio vs. Williams, 5 N. S. 214; Williams vs. Gallien, 1 Rob. 94; Farrar vs. Stacy, 2 Ann. 210; Graham vs. Eagan, 15 Ann. 99; Waters vs. Smith, 25 Ann. 515.

We are not called upon to discuss what would have been plaintiff's rights, had Mrs. McConnell's judgment been entirely reversed.

In Graham vs. Eagen, above quoted, it was held that, in such case, where plaintiff in execution is purchaser of property sold in execution of a judgment subsequently reversed on a devolutive appeal, he is obliged to restore the property itself and place defendant in the same condition he would have occupied if no such judgment had been obtained against nim. But this decision is in direct conflict with that in Farrar vs. Stacy, 2 Ann. 210, which is not referred to; and, moreover, the Court expressly held that, where the judgment was only partially reversed, leaving a just ground for the sale, the obligation of the purchaser would only be to restore the excess of the price.

Under all the authorities above quoted, and especially the strikingly similar case of Waters vs. Smith, 25 Ann. 515, such is the extent of Mrs. McConnell's obligation, if the adjudication to her was otherwise valid.

### III.

The lack of the sheriff's deed has no significance whatever.

The Code of Practice explicitly provides that the adjudication " of itself alone," consummates the sale and passes the title and, at least unless its effect is destroyed by the failure of the purchaser to comply with the terms of his bid, it is all-sufficient and the sheriff's deed merely supplies additional evidence of the title. C. P. 690; H. D. Execution V (d) 12) 2.

### IV.

The grounds of nullity of the sale urged are two, viz:

1st. The non-payment of the taxes due on the property.

The record shows that the taxes have been paid. Besides, Section 69 of Act 96 of 1882, relied on by plaintiff, is only a repetition of former laws on the subject, under which it has been held by this Court that the validity of the adjudication is not affected by non-payment of the accrued taxes. Jouett vs. Mortimer, 29 Ann. 206.

2d. That the price of adjudication did not exceed the amount of privileges and mortgages recorded against the property.

Nothing is better settled than that the rule of Art. 684, C. P., that there can be no sale unless the price exceed the prior privileges and mortgage, applies exclusively to special or conventional mortgages and

not to judicial or general mortgages. 1 Ann. 32, 426; 2 Ann. 617; 5 Ann. 574, 736; 7 Ann. 614.

Referring to the certificate of the recorder of mortgages, of even date with the sale and then read, we find it exhibits no special mortgage except one in favor of F. Lacroix for $262 50, and no privilege anterior to that of Mrs. McConnell except such as may result from registry, a writ issued in execution of a judgment of Mrs. LeBlanc, which was recorded in June, 1875.

Under the Act of 1857, No. 189, the only purport and effect of such a registry was to operate as a substitute for actual seizure and possession by the sheriff and to dispense with the appointment of a keeper, and it had nothing to do with the establishment or notice of a privilege. If the writ was still in force and in the sheriff's hands, his duties under the law were plain, but considering the length of time which had elapsed and the absence of all reference to it in the sheriff's proceedings, we are bound to assume that it had lapsed. Its operation as a privilege arises not from the registry, but from its actual continuance as a subsisting seizure, which is not established.

Plaintiff, however, claims that there existed another special mortgage for $10,000, of superior rank to Mrs. McConnell, which had been duly recorded.

This mortgage had been decreed null and void and erased from the records, in pursuance of a final judgment to that effect rendered by the civil district court in a direct action brought by Mrs. McConnell against the mortgagee named in the act, to wit, one Cousins. He was a non-resident and was brought into court by the appointment of a curator *ad hoc*. Considering the object of the action, viz: the removal of an apparent incumbrance from immovable property situated in this State, which stood in the way of another incumbrance thereon, we think the action partook of the nature of a proceeding *in rem* to an extent sufficient to take it out of the rule of Pennoyer vs. Neff, 95 U. S., p. 714, and Ice Co. vs. Laughlin, 35 Ann. 1184, and that the service on the curator *ad hoc* was sufficient "process of law" as against Cousins.

To the argument that the mortgage notes were negotiable and may, therefore, be in the hands of third persons, it is sufficient answer to say that the claims of such third persons will be considered when they are presented by them.

The evidence in this case shows that at least $8000 of the notes were in possession of Pasley long after the mortgage and up to the last tidings of them, and there is no evidence that they have been parted with.

At all events, the sheriff was bound to respect the decree of the Civil District Court and to adjudicate the property, without reference to the mortgage so cancelled and erased.

### V.

So far as the non-payment of the price is concerned, under the condition of affairs existing at the date of adjudication there was no payment to be made. Mrs. McConnell's writ alone called for a larger sum than the amount bid, if it was applicable thereto; and so far as the prior general mortgages were concerned, their remedy was against the proceeds by third opposition or against the property by the hypothecary action. Alford vs. Montejo, 28 Ann. 593.

In conclusion, we would say that Mrs. McConnell is bound to pay the price of adjudication to whomsoever is entitled to it. Upon removing the apparent anterior encumbrances, plaintiff will be entitled to recover the excess of the price over the amount of her final judgment. As this action presents no feature of a claim for the price or of the resolutory action for its non-payment, but seeks solely the nullity of the adjudication, we have no occasion to discuss such questions now or the rights of Mrs. McConnell's transferrees.

We simply determine that the present action cannot be maintained.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed; and that there be now judgment in favor of defendants, dismissing plaintiff's suit at his cost in both courts.