## No. 11,896.

### CHARLES M. FUSH vs. THOMAS EGAN, JR., ET AL.

When the defendant's property has been sold under a judgment reversed afterward on a devolutive appeal, the defendant entitled to restitution of his property may seek relief by an action for damages in which the judgment will be based on the value of the property, the costs of suit, counsel fees and other expenses incident to the sale, deducting the amount of the debt of the plaintiff satisfied by the execution sale. 15 La. 46; 15 An. 97; 38 An. 474.

The judgment pending the devolutive appeal decreeing that plaintiff in such execution must credit his debt with the amount derived from such sheriff's sale will not be *res judicata* as to the value of the property, against the defendant in execution in the suit brought by him for damages after the reversal of the judgment under which his property has been sold. Civil Code, Art. 2286; 3 M. 483; 3 N. S. 409; 7 N. S. 28.

As held in previous decisions, plaintiff seeking damages for seizure of his property under conservatory writs illegally issued will be restricted as to counsel fees, to the fee for dissolving the writ. 2 La. 620; 5 An. 714; 13 An. 40.

The respite proceedings will not prevent suit and seizure by the privileged creditor. Civil Code, Art. 3095.

Public policy favors the resort to the courts for the redress of grievances the litigant conceives to exist, and hence the law will not amerce him in damages unless his suit is malicious, as it is not readily imputed when one acts under the advice of counsel. Const., Art. 11; 13 La. 440; 28 An. 592; 46 An. 1342.

APPEAL from the Civil District Court for the Parish of Orleans.
King, J.

W. S. Parkerson for Plaintiff, Appellant.

Frank McGloin for Defendant, Appellee.

Argued and submitted November 16, 1895.
Opinion handed down December 16, 1895.
Opinion on rehearing January 20, 1896.

The opinion of the court was delivered by

MILLER, J.   The plaintiff sues for damages for the wrongful sequestration and execution sale of his property under a judgment of plaintiff, afterward reversed on appeal to this court. The petition charges the property was sacrificed, and that the sequestration and suit were malicious.   The defence is the general issue, res judicata and a demand in reconvention for the plaintiff's debt to defendant left unsatisfied by the sale of the property under the execution. From the judgment in favor of plaintiff for one thousand two hundred and eighty-five dollars and twenty-seven cents with interest ($1285.27), much less than the amount claimed in the petition, and in favor of defendant on his reconventional demand, the plaintiff appeals, and defendant, answering the appeal, asks its affirmance and for a reduction of the judgment defendant obtained.

The plaintiff purchased wagons and mules of the defendant in September, 1892, and in March, 1893, there was unpaid one of the notes given for the purchase price.   A short time before the maturity of the note plaintiff sued for a respite.   Pending the respite defendant sued on the note, sequestered the mules, subsequently sold them under execution issued on his judgment.   But the judgment was reversed on appeal after the sheriff's sale. Egan vs. Fush, 46 An. 474.   After the sheriff's sale the defendant took a rule to set aside the respite obtained by plaintiff.   On that rule the plaintiff offered the testimony to show the credits on defendant's note derived from the sheriff's sale.   The note was for two thousand six hundred and sixty-six dollars and sixty-seven cents, and the judg-

ment on this rule applying the credits fixed plaintiff's debt to defendant at one thousand two hundred and eighty-five dollars and twenty-seven cents, and decreed the nullity of the respite unless payment was made. Civil Code, Art. 3093; Act 134 of 1888. It is this judgment rendered in 1894, and unappealed from, the defendant in this suit for damages pleads as *res judicata* to so much of plaintiff's demand as relates to the alleged sacrifice of his property at sheriff's sale.

When the judgment in favor of a plaintiff is reversed on the devolutive appeal he owes restitution to defendant of all obtained on execution of the judgment. The party cast on the devolutive appeal is placed where he stood before he brought his suit, and the successful appellant is restored to the property wrested from him under the void judgment. Nor will the fact that the appeal was devolutive, instead of suspensive, which the appellant may not have been able to take, at all affect his right. Mooney vs. Corcoran, 15 La. 46; Graham vs. Egan, 15 An. 97; Pasley vs. McConnell, 38 An. 474. It is no answer to plaintiff's demand to urge that the property was sold under a *fi. fa.* issued on the judgment. It is true, the petition charges the wrongful sequestration as a cause of the damage, but that cause is merged in the reversal of the judgment under which the execution issued.

The plaintiff seeks restitution from the defendant by this suit for damages. A part of the demand is for the loss the plaintiff alleges he sustained by the sacrifice of his property at the sheriff's sale. The petition alleges the value of the property, mules and floats, deducts the amount of the sales and claims the difference as the loss. The plaintiff's estimates are one hundred and fifty dollars for the mules, and fifty dollars for the floats. With reference to this question of value we find in the record the testimony of the defendant and three witnesses. The sale to defendant was in September, 1892; the sheriff's sale was a year later, defendant becoming the purchaser. One witness who saw from eight to twelve of the whole number of the mules, after defendant's purchase, states he offered one hundred dollars apiece, and did not think more could be obtained; he states that two years before, *i. e.*, when Fush bought from Egan, the value was then one hundred and fifty dollars, but the witness states mules have been declining ever since. This witness and another concur in stating plaintiff's estimate of one hundred and seventy to one

hundred and seventy-five as extravagant. The defendant as a witness states he bid on the mules at the sheriff's sale "to keep up the price;" he states those he purchased averaged one hundred and ten dollars to one hundred and eleven dollars, and after pasturing, sold eight for one hundred and twelve dollars and fifty cents. On this testimony, with due regard to that of defendant, the plaintiff's estimate for the mules appears high. The sheriff's sale realize , costs deducted, one thousand five hundred and eighty-two dollars and thirty-two cents for the mules. The plaintiff's brief estimates the floats that were seized at fifty dollars; other witnesses put the value much lower; one states fifty dollars, another two hundred for the whole number. The plaintiff in giving his testimony states that the wagons were worth fifty dollars apiece, but his point of time is the date of his purchase, September, 1892, not the test in our view of the value nearly a year later, when the sheriff's sale occurred. At that sheriff's sale the wagons brought but one hundred and twenty-six dollars. The estimate relied on by the plaintiff for the wagons we do not think, is maintained by the testimony. On a review of all the testimony, we think one thousand seven hundred dollars for the mules and two hundred dollars for the wagons is warranted by the testimony to be allowed the plaintiff.

It is claimed, on this branch of the case, that the judgment on the rule of the defendant here in the respite proceedings is *res judicata*, in his favor as to the value of the property sold under his execution. That judgment decreed that defendant here, should credit his debt with the net proceeds of the sheriff's sale. The judgment on which the execution issued was then in full force. The court on that rule was bound to give it effect. But the judgment was afterward reversed. The plaintiff now sues, claiming his property was sacrificed. We think it clear his cause of action was not all involved in the rule taken before that cause was in existence.

Allowing the plaintiff the full value of the property eliminates the costs of Eagan vs. Fush as items of damages, except one hundred and fifty dollars clerk's costs which is conceded in defendant's brief to plaintiff. Besides, he is entitled to twenty dollars charge for brief. The feed bill of the mules at plaintiff's stable during the seizure, two hundred and eighty-nine dollars, should, we think, be allowed. It is true, the mules would have required feeding, even if not seized, but the seizure deprived plaintiff of their use, and cast

that expense on plaintiff. These items, aggregating four hundred and fifty-nine dollars, must, in our opinion, be allowed the plaintiff.

The judgment of the lower court allowed five hundred dollars as the fees of plaintiff's counsel in Egan vs. Fush. It is well settled that if a sequestration issues illegally, the defendant in the writ can recover as damages as the fee of counsel only the amount proportioned to the service for dissolving the writ. The writ in this case issuing before the debt was due was dissolved for prematurity of suit, but to obtain that judgment required an appeal to this court. We think two hundred and fifty dollars a proper fee for dissolving the writ. Penny vs. Taylor, 5 An. 714; Conrey vs. Elbert, 2 An. 20; Phelps vs. Coggeshall et als., 13 An. 440.

We have given attention to the argument that Egan's suit was malicious, for which punitory damages should be allowed. When the application for the respite was made Egan was Fush's creditor, with the vendor's privilege on the mules and wagons. The privileged creditor is not bound by the respite proceeding. C. C. 3095; Huppenbauer vs. Durlin, 24 An. 361.

Defendant had no right to sue before his debt was due. For this he incurs the penalty of paying costs and actual damages. But in issuing that sequestration he acted on the advice of counsel. Public policy forbids that the suitor shall be mulcted in damages for seeking the courts for redress of his supposed wrongs, unless he is actuated by malice. It is urged by plaintiff, in addition to the prematurity of the suit, that it bore hard on him, then applying for a respite; that subsequently the plaintiff's property, under a judgment subsequently reversed, was forced to a sheriff's sale in the summer time; that still later the defendant ruled Fush to set aside his respite for non-payment of the instalment due. All this this plaintiff insists showed malice, but we think it exhibits the enforcement of legal rights, except in the institution of the suit of a few days before the debt was due, and to hold defendant on that ground for damages would be to punish him for acting under legal advice. Excutrix vs. Daboval, 13 La. 90; Kearney vs. Holmes, 6 An. 375; Block vs. Creditors, 46 An. 1344.

The debt due Egan by Fush was two thousand six hundred and sixty-six dollars and sixty-seven cents with eight per cent interest from 1st September, 1892, and should be credited with one thousand nine hundred dollars, value of the property sold under execution.

On the other hand, Fush is entitled to claim of Egan seven hundred and nine dollars.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be avoided and reversed, and it is further ordered, adjudged and decreed that plaintiff do have and recover from defendant seven hundred and nine dollars with legal interest from August 14, 1893, and that defendant on his reconventional demand recover from plaintiff two thousand six hundred and sixty-six dollars and sixty-seven cents with eight per cent interest from 1st September, 1892, subject to a credit of nineteen hundred dollars ($1900) of date August, 1893, and that defendant pay costs.

## ON APPLICATION FOR REHEARING.

The defendant urges the defence of *res judicata* should be maintained. The defence is founded on the judgment on a rule taken by Egan, the defendant here, in his suit against Fush to cancel the respite Fush had obtained. Egan proceeded as a creditor of Fush and the court decided the debt should be credited with the amount derived by Egan from the sheriff's sale under his judgment afterward reversed on devolutive appeal. The proposition is that the judgment on this rule to cancel the respite is a bar to Fush's suit now before us for damages caused by the illegal sale of his property under Egan's judgment, afterward reversed. It is brought to our notice that when the rule was taken Egan's judgment had been reversed. We assumed in our previous opinion the judgment was then in force. But the substantial question is, whether the judgment on that rule, making it absolute, *i. e.*, that Fush should pay the debt, or that his respite be canceled, and that the debt should be credited with the amount made on Egan's execution, is any bar to the demand here that Egan should pay damages for illegally causing Fush's property to be sold.

The cause of action here is, that the defendant, under the judgment decreed void, sacrificed the plaintiff's property at the sheriff's sale, made in the summer, unpropitious, it is alleged, for selling the property. The liability for selling a man's property under a judgment afterward reversed is to restore the property or pay its value. The plaintiff seeks restitution for that illegal sale by this suit for damages. His cause of action arises out of the reversal of the judgment under which his property was taken. The

cause of action here asserted by Fush, subsisted when Egan took his rule, but no suit for damages was then brought or urged on the rule. The court, on the rule, naturally directed Egan's debt to be credited with the amounts made on his execution. It is urged that Fush claimed the credits. He might, it seems to us, do that without prejudice to his present suit for damages. The credits exhibited by the executions issued in the suit in which the rule was taken were necessary incidents in making absolute Egan's rule. He was the creditor of Fush holding a debt reduced by the credits made on his void writ. The allowance of those credits to which, in any event, Fush was entitled, left Fush at librrty, we think, to bring suit for damages for the illegal seizure and sale, one element of which was the loss caused by the sacrifice of his property. Egan's cause of action was as a creditor of Fush seeking to set aside his respite. Fush's totally different action here is for damages caused by the enforcement by Egan of the judgment reversed on appeal. *Res judicata* is not to be extended to issues not involved in the litigation on which the defence is founded.

The defendant complains of our allowance of interest to plaintiff from the date of the sheriff's sale. In the restitution to defendant of his property sold under an illegal execution he is placed as to the property in the position he stood before the sale. There is, therefore, reason to given interest on the money when the property itself is not restored. But the defendant in this case urged his debt as a defence, and from both parties comes the suggestion of an adjustment of the accounts; defendant's debt on his part and plaintiff's demand for damages. The debt of defendant is by operation of law reduced by the credits on the execution. In so far as these credits are concerned the suit of plaintiff is not one for damages. These credits as of date August 4 and October 9, 1893, carry the same interest as the debt which they reduce. They amount to one thousand six hundred and seventy-seven dollars and sixty-seven cents and are included in the amount two thousand six hundred and nine dollars for which the plaintiff had judgment. The residue of that amount is made up of the damages awarded plaintiff. Our judgment gave defendant interest on the whole amount, two thousand six hundred and nine dollars. We think defendant's contention that interest on damages are not allowable is well founded and to that reduction he is entitled. C. P., Art. 553; Green vs. Garcia, 3 An. 702; Bonner vs. Copley, 15 An. 504.

There being no *res judicata*, we held the plaintiff entitled to recover the full value of his property sold under the execution. The amount we fixed on the testimony discussed in the brief. In plaintiff's application for the rehearing he brings to our notice that the mules brought at the sheriff's sale one thousand nine hundred and thirty-five dollars and fifty cents, an excess of two hundred and thirty-five dollars and fifty cents over the amount awarded. To that excess he is entitled, and his judgment is to be increased accordingly. In respect to the other items of damage we think the amount allowed is sufficient.

As the judgment we now render reduces the amount plaintiff would have to pay under the judgment of the lower court, defendant is to pay costs. C. P., Art. 908.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be avoided and reversed, that our former judgment be set aside; and it is now ordered, adjudged and decreed that the plaintiff do have and recover from defendant two thousand eight hundred and forty-four dollars ($2844) with eight per cent. interest no one thousand five hundred dollars and eighty-two dollars from August 4, 1893, and on ninety-five dollars from October 4, 1893; that defendant do have and recover from plaintiff two thousand six hundred and sixty-seven dollars and sixty-seven cents, with eight per cent. interest from September 1, 1892, and that defendant pay costs.