(90 South. 682)

Nos. 23749, 24453.

JEFFERSON et ux. v. GAMM et al.

SAME v. HEROLD.

(Jan. 4, 1921. On Rehearing, Jan. 2, 1922. Rehearing Denied in Case No. 24453 Jan. 30, 1922.)

*(Syllabus by Editorial Staff.)*

1. Execution ⬅➡276(2)—Reversal of judgment on devolutive appeal does not affect validity of sale under execution.

The reversal of a judgment on a devolutive appeal does not affect the validity of a sale made in execution of the judgment after it had become executory; the only right or remedy of the party aggrieved being to claim the proceeds of the sale, unless the judgment was void for want of jurisdiction or otherwise.

2. Homestead ⬅➡5—Constitutional provision concerning exemption from sale under execution construed.

Const. art. 245, declaring that no judgment may be enforced against property exempted as a homestead, except for certain debts, means that no officer shall have jurisdiction to seize a homestead that has been judicially declared exempt from seizure for the debt attempted to be collected.

3. Homestead ⬅➡210—District courts have jurisdiction to determine whether homestead is exempt.

District courts have jurisdiction to determine whether any particular debt is or is not

one for which a homestead may be seized and sold, and whether any claimant of a homestead exemption possesses the qualifications under which Const. art. 244, allows the exemption.

**4. Appeal and error ⬅️442 — Sale of homestead pending devolutive appeal held proper.**

Where district court determined that sale and resale from which arose a debt due plaintiff was a bona fide sale and resale and was not a subterfuge resorted to to deprive defendants, husband and wife, of homestead exemption, its judgment was binding and executory against the defendants, and it was proper to sell the alleged homestead pending a devolutive appeal on which the judgment was reversed, and defendants were only entitled to recover the proceeds of the sale.

**5. Courts ⬅️39 — Every court has jurisdiction to determine questions of fact upon which jurisdiction depends.**

Every court has jurisdiction to determine questions of fact upon which its jurisdiction depends, and also the questions of fact upon which depend the question whether the defendant was cited, or whether the defendant is sui juris or is authorized to stand in judgment.

**6. Judgment ⬅️668(2) — Surety on injunction bond party to suit only in case of injunction against execution.**

The surety on an injunction bond is not a party to the suit except in the case of an injunction restraining the execution of a judgment for a sum of money.

Dawkins, J., dissenting.

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

Action by J. Rogers Jefferson and wife against Julius Gamm and others, and by the same plaintiff against J. K. Herold and others. Judgment for defendants in the former and for plaintiffs in the latter, and plaintiffs and defendants respectively appeal. Judgment in first case affirmed, and judgment in second case set aside, and plaintiffs' demands dismissed.

Hampden Story and Barret & Files, all of Shreveport, for appellants.

George W. Hardy and Edward Barnett, both of Shreveport, for appellees.

O'NIELL, J. This is a sequel of the suit of Jefferson and Wife v. Herold, 144 La. 1064, 81 South. 714. In that suit Jefferson and wife obtained a temporary writ of injunction preventing a sale of their homestead, seized in executory proceedings instituted by Herold. Plaintiffs claimed that the transaction purporting to be a sale and resale of the homestead was in reality only a security transaction, which created only a mortgage, and not a vendor's lien, to secure the payment of the promissory notes held by Herold, and that therefore the homestead was not subject to seizure and sale for the debt. The district court decided that the transaction was a genuine sale and resale of the homestead; that the promissory notes held by Herold represented part of the price for which one of the sales was made; and that the debt was therefore secured by a vendor's lien, for which the homestead was subject to seizure and sale. The district court therefore rendered judgment in favor of Herold, dissolving the injunction and rejecting the demand of the plaintiffs and dismissing their suit. When the judgment had become executory, the sheriff readvertised the homestead for sale in the foreclosure proceedings and sold it at public auction to Herold, the last and highest bidder, for less than $2,000, in part satisfaction of his mortgage notes. The sheriff promptly delivered possession of the property to Herold, and he sold it on the same day to Julius Gamm and Samuel Willer for $1,722.47. Gamm and Willer took possession of the property and leased it to Sam Ager and Green Montgomery, who went into possession as the tenants of Gamm and Willer. Thereafter—that is, six months after the judgment had been rendered against Jefferson and his wife—they applied for and obtained an appeal to this court; and the judgment appealed from was reversed. In disposing of the case, we observed that certain documents in the record indicated that the sheriff had

sold the homestead, in the executory proceedings, after the judgment of the district court had become executory, and before the appeal was taken. We said, however, that we would dispose of the case as if the status quo was the same as when the judgment of the district court was rendered, and let all subsequent proceedings in the district court have whatever effect the law gave them. Our decree was as follows, viz.:

"The judgment appealed from is annulled, and it is now ordered, adjudged, and decreed that the act purporting to be a sale by J. Rogers Jefferson to Rebecca Paysingle, dated the 29th of June, 1908, and the retrocession by her to him, dated the 28th of November, 1910, did not convey title to the property, but are valid in so far as they gave a conventional mortgage to secure the debt due by J. Rogers Jefferson to the defendant J. K. Herold. It is further ordered, adjudged, and decreed that the property described in said deeds be, and it is hereby, recognized as the homestead of the plaintiffs, J. Rogers Jefferson and wife, and as such exempt from seizure and sale for the debt due defendant J. K. Herold, unless it be sold for more than $2,000, in which event plaintiffs are entitled to receive $2,000 of the proceeds in lieu of their homestead exemption. The defendant Herold is to pay the costs of this suit."

When the decree was rendered by this court, Sam Ager and Green Montgomery were yet in possession of the property, having remained in possession continuously nearly four years, cultivating the land, as lessees or tenants of Gamm and Willer.

Soon after the mandate of this court was filed and recorded in the district court Jefferson and his wife, without notice to Gamm or Willer, obtained a writ of possession from the clerk of court; and a deputy sheriff, by virtue of the writ, immediately dispossessed Ager and Montgomery, the tenants of Gamm and Willer. Jefferson and wife then made new contracts of lease with Ager and Montgomery, who immediately took possession as tenants of Jefferson and wife. On the next day Jefferson and wife filed this suit, in the nature of a possessory action, against Gamm and Willer, and obtained a preliminary injunction preventing their interference with the possession which Jefferson and his wife had thus obtained. The defendants filed a motion to dissolve the injunction, on the ground mainly that the plaintiffs had no cause or right of action. Reserving the benefit of the motion to dissolve, defendants filed an answer to the suit. After trial of the motion and answer, judgment was rendered in favor of defendants, dissolving the writ of injunction, dismissing plaintiffs' suit, ordering defendants restored to possession of the land, and reserving to plaintiffs whatever right of action they might have under the decree which had been rendered by this court in the original suit. Plaintiffs have appealed.

[1] The judgment appealed from is founded upon the doctrine, which is now well settled, that the reversal of a judgment on a devolutive appeal does not affect the validity of a sale that was made in execution of the judgment after it had become executory; the only right or remedy of the party aggrieved in such case being to claim the proceeds of the sale. Baillio v. Wilson, 5 Mart. (N. S.) 214; Poultney's Heirs v. Cecil's Executor, 8 La. 424; Brosnaham v. Turner, 16 La. 440; Farrar v. Stacy, 2 La. Ann. 210; Adle v. Anty, 5 La. Ann. 633; Yale v. Howard, 24 La. Ann. 459; Taylor v. Lauer, 26 La. Ann. 307; Insurance Co. v. Protection Co., 37 La. Ann. 234; Pasley v. McConnell, 38 La. Ann. 470; State National Bank of New Orleans v. Lanaux, 46 La. Ann. 469, 15 South. 59; Land Co. v. Murff, 139 La. 808, 72 South. 284; and Citizens' Bank v. Bellamy Lumber Co., 140 La. 497, 73 South. 308.

The ruling in Beaulieu v. Furst, 8 Rob. 485, was in accord with the doctrine stated. The plaintiff in execution, who bought the defendant's property at the sale made by the sheriff in execution of the judgment, had not disposed of the property when the judgment

was reversed on the devolutive appeal. On a rule thereafter obtained by the defendant, the plaintiff was ordered to either give up the property or pay defendant the price at which it had been sold by the sheriff. As the judgment, in so far as it gave the plaintiff the option of surrendering the property or paying the price, was favorable to him, and, as he alone appealed, the judgment, of course, was affirmed.

In the case of Graham v. Eagan, 15 La. Ann. 97, the plaintiff retained title to the property which he had bought at the sheriff's sale made in execution of the judgment that was afterwards reversed on a devolutive appeal. He was therefore ordered to return the property to defendant. The decision was not consistent with the rulings in the other cases cited; and it was expressly overruled in Pasley v. McConnell, 38 La. Ann. 474, because the ruling was, as the court then said, "in direct conflict with that in Farrar v. Stacy, 2 La. Ann. 210, which is not referred to."

It is true Graham v. Eagan was cited, as if with approval, by Mr. Justice Miller in Fush v. Egan, 48 La. Ann. 60, 19 South. 108; but the learned justice must have overlooked the fact that the decision in Graham v. Eagan had been overruled, for he cited also with approval the case of Pasley v. McConnell, expressly overruling Graham v. Eagan. The doctrine of the decision in Fush v. Egan is that the reversal of a judgment on a devolutive appeal has the same effect as if the appeal had been suspensive. The author of that opinion cited only three decisions in support of it, viz.: Mooney v. Corcoran, 15 La. 46; Graham v. Eagan, 15 La. Ann. 97; and Pasley v. McConnell, 38 La. Ann. 474. Mooney v. Corcoran was not at all appropriate and was evidently cited through error; and, as we have said, Graham v. Eagan was expressly overruled in Pasley v. McConnell, which latter decision was in direct conflict with the decision in support of which it was cited. The doctrine announced in Fush v. Egan, therefore, has nothing to rest upon, and it must be considered as having been overruled by the later decisions to the contrary, viz.: Louisiana Land & Immigration Co. v. Murff, 139 La. 808, 72 South. 284, and Citizens' Bank v. Bellamy Lumber Co., 140 La. 497, 73 South. 308.

Of course, a judgment rendered in a case in which the court was without jurisdiction, or in which the defendant was not cited, or was non sui juris, or was not authorized to stand in judgment, would be null, if the question of fact as to whether the court had jurisdiction of that particular case, or whether the defendant was cited, or had capacity or was authorized to stand in judgment, was not put at issue and foreclosed by the judgment rendered in the case. An example of such a case was that of Adle v. Anty, 5 La. Ann. 631. In that case the plaintiff, Adle, holding a judicial mortgage recorded against property which was conveyed by a dation en paiement made to the defendant, Mrs. Anty, by her husband, brought a hypothecary action against Mrs. Anty to enforce his mortgage against the property. She answered the suit without being authorized by her husband or by the judge. Judgment was rendered against her, and she did not take a suspensive appeal from the judgment. The judgment was executed by a seizure of the property and a sale of it to the plaintiff, Adle, in satisfaction of his judicial mortgage. Thereafter the defendant, Mrs. Anty, being then authorized by her husband, obtained a devolutive appeal. On the appeal she pleaded for the first time that she had not been authorized to stand in judgment. This court found that the plea was well founded, and therefore set aside the judgment and remanded the case for further proceedings. See Adle v. Anty and Husband, 1 La. Ann. 260. The case having been remanded, Mrs,

Anty, being then authorized by her husband, filed an answer to the suit pleading, mainly, that the judicial mortgage held by Adle had perempted, because it was not reinscribed within 10 years after its date. Adle pleaded that Mrs. Anty had lost all interest in the property by the seizure and sale of it before the judgment which had been rendered against her was set aside on the devolutive appeal. This court ruled that the judgment, having been rendered before the defendant, Mrs. Anty, was authorized to stand in judgment, was null, and therefore had not become executory. Having found that Mrs. Anty had acquired a valid title by the dation en paiement made to her by her husband, the court said:

"Has this title ever been lawfully divested, or is Melite Anty still the owner of that property? The only pretense of divestiture is found in the sheriff's seizure and sale under fieri facias issued upon the judgment rendered against Melite Anty in 1844, which judgment was set aside by the Supreme Court in 1846. It is said that, if a judgment be executed against a defendant by a sale of his property, and he subsequently obtains, upon devolutive appeal, a reversal of the judgment, the sale stands, and the defendant must follow its proceeds. That such is the ordinary rule is true. See Baillio v. Wilson, 5 N. S. 214. But the rule must be applied within its proper limits, and to those cases where the judgment is not essentially invalid, but involves merely some error of law. It is not proper to extend it to a case of a defendant who, not being sui juris, but affected by a legal incapacity, has not been duly represented or legally present in the proceedings which resulted in the judgment."

The important distinction between the case cited and the case before us is that in the case before us the question of fact whether this homestead was subject to seizure in satisfaction of the debt due to the seizing creditor was put at issue in the district court and was decided by the judgment and decree under which the property was seized and sold after the judgment had become executory. If in the case of Adle v. Anty the defendant had pleaded that she was not authorized to stand in judgment, and if the court had decided, as a matter of fact, that she was authorized to stand in judgment, the judgment and decree settling that question would have become executory against her.

[2-4] It is true article 245 of the Constitution declares that no court or ministerial officer shall have jurisdiction or authority to enforce any judgment, execution, or decree against property exempted as a homestead, except for the collection of a debt representing the purchase price of the property or a debt of any other of the five classes enumerated in article 245. What the article means is that no court or ministerial officer shall have jurisdiction or authority to seize a homestead that has been judicially declared exempt from seizure for the debt attempted to be collected. Of course, the district courts have jurisdiction to determine whether any particular debt is or is not one for which the homestead may be seized and sold; and, of course, the district courts have jurisdiction to determine whether any claimant of a homestead exemption possesses the qualifications under which alone article 244 of the Constitution allows the exemption. Those questions are presented, and have to be decided, in every case in which the homestead exemption is claimed. In the case of Jefferson and Wife v. Herold the district court had jurisdiction to determine the question of fact whether the sale and resale from which arose the debt due to Herold was a bona fide sale and resale, or was only a subterfuge resorted to for the purpose of depriving Jefferson's wife of the homestead exemption. Therefore the judgment of the district court declaring that the sale and resale was a bona fide transaction, and not a subterfuge resorted to for the purpose of creating a vendor's lien, was a valid judgment, binding and executory against the defendants, Jefferson and wife. Surely, if they had not appealed from the

judgment, it could not have been annulled upon evidence subsequently discovered showing that the sale and resale was not a bona fide transaction, but merely a subterfuge resorted to for the purpose of creating a vendor's lien. When the delay within which Jefferson and his wife might have taken a suspensive appeal had expired, the judgment of the district court, declaring the homestead subject to seizure and sale for the debt due to Herold, was executory, and the sheriff had as much authority for seizing and selling the homestead then as if the year in which a devolutive appeal was allowed had expired.

[5] The important principle upon which the judgment in this case rests is that every court has jurisdiction to determine questions of fact upon which depend the question whether the court has jurisdiction of any particular case. Every court has jurisdiction also to decide questions of fact upon which depend the question whether the defendant was cited, or upon which depend the question whether the defendant is sui juris, or is authorized to stand in judgment. If it were not so, the judgment of a court of original jurisdiction would never be final or conclusive in any case in which the court had decided a question of fact as to whether the court had jurisdiction in that particular case, or whether the defendant was cited, or whether he was sui juris, or was authorized to stand in judgment.

[6] Appellants contend that Julius Gamm was a party defendant in the injunction suit of Jefferson and Wife v. Herold, because Gamm was surety on the bond on which Jefferson and wife obtained their preliminary injunction in that case. But it is well settled that the surety on an injunction bond is not a party to the suit, except in the case of an injunction restraining the execution of a judgment for a sum of money. See Jourdan v. Garland, 105 La. 487, 29 South. 912; Vi-guerie v. Viguerie, 133 La. 414, 63 South. 89; Whitney-Central National Bank v. Sinnott, 136 La. 111, 66 South. 551, construing article 304 of the Code of Practice and article 375, as amended by Act 50 of 1886. See, also, Louisiana Land & Immigration Co. v. Murff, 139 La. 812, 72 South. 285.

It is not necessary to decide whether Gamm and Willer would have been bound or affected by the proceedings had and decree rendered in the suit of Jefferson and Wife v. Herold subsequent to the purchase of the property by Gamm and Willer, if Jefferson and wife had recorded a copy of their petition in the suit, or a notice of lis pendens, in compliance with the provisions of Act No. 22 of 1904, p. 25. It is sufficient to say that Jefferson and wife did not avail themselves of the provisions of Act 22 of 1904, which declares that the pendency of any action in any court affecting the title or asserting a mortgage or lien upon real estate shall not be considered as notice to third persons not parties to the suit, unless a notice of the pendency of such suit shall have been filed and recorded in the manner required by the statute.

The judgment appealed from is affirmed at appellants' cost.

DAWKINS, J., dissents.

### On Rehearing.

BAKER, J. These two suits were consolidated, as they involve the same issues and the same parties. In the suit No. 23749, a rehearing was granted. For the reasons assigned therein on the original hearing, the judgment heretofore handed down, and from which a rehearing was granted, will be reinstated. And for the same reasons a judgment rejecting plaintiff's demand will be rendered in the suit No. 24453.

It is therefore ordered, adjudged, and decreed that in suit No. 23749, J. Rogers Jef-

ferson v. Julius Gamm et al., the judgment appealed from be affirmed at the cost of plaintiff, and that in suit No. 24453, J. Rogers Jefferson v. J. K. Herold et al., the judgment appealed from be set aside, and plaintiff's demands dismissed at his cost.