162 So. 189

**ODEN et al. v. FIRST NAT. BANK OF SHREVEPORT et al.**

No. 33300.

April 29, 1935.

Rehearing Denied May 27, 1935.

Blanchard, Goldstein, Walker & O'Quin, of Shreveport, for appellant.

Frank A. Blanchard, of Shreveport, for appellee.

O'NIELL, Chief Justice.

This is an appeal from a judgment allowing a homestead exemption. The First National Bank of Shreveport obtained a judgment against Thomas E. Oden for $500, with interest and attorney's fees, and with recognition of a mortgage on Oden's homestead. The bank's mortgage did not contain a waiver of the homestead exemption. There was a prior mortgage on the homestead, however, which did contain a waiver of the exemption. The prior mortgage was given to secure the payment of a note for $3,000, dated the 18th of January, 1928, bearing interest at 8 per cent. per annum from date and 10 per cent. attorney's fees, and held by Burt F. Peyton. The bank had the property seized to satisfy the judgment of $500, and, on the 30th of May, 1934, bid in the property for $4,200. The bank paid to the sheriff the taxes and court costs, amounting to $78.70, and retained the balance, $4,121.30, to pay the amount of the Peyton mortgage and to apply the remainder to the bank's judgment. It appears that the accrued inter-

est on Peyton's note brought the amount up to $4,048, on the day of the sheriff's sale, and that there remained only $73.-30 to be credited on the bank's judgment. The sheriff's return on the writ of fi. fa. stated, erroneously, that all of the $4,121.-30 was to be credited on the bank's judgment; but the amount of the judgment was so small in comparison with the $4,-121.30 that the error in the sheriff's return was manifest. The bank did not attempt to dispossess Oden until three months after the sheriff's deed to the bank was recorded. When the sheriff undertook to execute the writ of possession, Oden and his wife brought this suit, claiming the homestead exemption and enjoining the sheriff from executing the writ. The bank pleaded in defense of the suit, first, that the Odens were too late in claiming the exemption, and, in the alternative, that the bank would have to pay the amount of the first mortgage held by Peyton, out of the $4,-121.30 which the bank had retained. The district judge gave judgment for the Odens and against the bank for $2,000 and enjoined the bank from disturbing the Odens in their possession of the homestead until payment of the $2,000. The bank has appealed from the decision.

We do not find it necessary to decide now whether the Odens were too late in claiming the homestead exemption after the sheriff's sale was made and recorded, and when the sheriff undertook to dispossess the Odens. The sheriff's sale to the bank was a valid sale, notwithstanding the

homestead exemption which the Odens had the right to claim, because the property was worth more than $2,000, and therefore all that the Odens could claim successfully was $2,000 out of the proceeds of the sale. Const. art. 11, § 1, par. 2. It is said in the last paragraph of the second section of this article that no court or ministerial officer shall ever have jurisdiction to enforce any judgment, execution, or decree against property exempted as a homestead, except for the kinds of debts enumerated in that section of the Constitution. But that must be read in connection with the proviso in the first section, viz.: "Provided, that in case the homestead exceeds two thousand dollars in value, the beneficiary shall be entitled to that amount in case a sale of the homestead under legal process realizes more than that sum." That means that a homestead worth more than $2,000 is not exempt from seizure but may be seized and sold subject to the right of the head of the family to claim $2,000 out of the proceeds of the sale. It means also that, so long as a homestead has not been judicially declared exempt from seizure and is apparently worth more than $2,000, it is subject to seizure and to be offered for sale by the sheriff in order to determine whether it is worth more than $2,000. Jefferson v. Gamm, 150 La. 372, 380, 90 So. 682, 685; Andrews v. McCreary Lumber Co., 155 La. 730, 736, 99 So. 579, 33 A. L. R. 608.

At the time of the trial of this suit, no action had been taken on the mort-

gage note held by Burt F. Peyton. After the case was fixed for argument in this court, the bank filed a motion to remand the case to show that Peyton had brought suit to foreclose his mortgage, via ordinaria, after the bank had appealed from the judgment rendered in this suit. Attached to the motion is a certified copy of the petition filed by Peyton in the district court, showing that he is claiming interest at 8 per cent. per annum on the $3,000 note from the 18th of January, 1930. If the interest on the $3,000 has been accruing since the 18th of January, 1930, the amount of the debt at the time of the sheriff's sale was very near the amount which the bank retained for the purpose of paying the debt. And, if the homestead exemption was waived in the mortgage which Peyton holds, as seems to be the case, Peyton's claim, on the day of the sale, was of higher rank than the claim of the Odens for $2,000. Even though the Odens may be entitled to the homestead exemption as to all others but Peyton, to the extent of $2,000, the bank cannot be compelled to pay the $2,000 in addition to the amount which was due to Peyton on the day of the sale, if the homestead exemption was waived by the Odens in favor of the holder of the prior mortgage. The Code of Practice, in articles 678, 679, 704, and 706, provides that, when a sheriff sells real estate for cash, the buyer shall pay to the sheriff only the amount of his bid which exceeds the amount of the mortgages and liens recorded against the property. Hence, when the seizing creditor is the last and highest bidder, he must retain in his hands a sum sufficient to discharge the prior mortgages and liens recorded against the property.

Our conclusion, therefore, is that the bank is entitled to have the judgment which was rendered in this case set aside, and to have the case remanded to the district court, in order that Burt F. Peyton may be made a party hereto, and in order that it may be determined how much, if any amount, is due to him in preference to the claim of the Odens for $2,000, out of the $4,121.30 which was retained by the bank. The bank has the right to know the extent to which the claim of the Odens is to be reduced—if it is to be reduced—by virtue of the prior mortgage held by Peyton; so that the bank may determine whether to continue the litigation over the balance—if there remains a balance—in contest between the bank and the Odens.

The judgment appealed from is set aside and the case is ordered remanded to the district court for further proceedings consistent with the opinion rendered herein. The costs of this appeal are to be borne by the defendant, bank; the question of liability for the other court costs is to abide the final disposition of the case.