## No. 10,201.

### RICHARD J. LOWDEN VS. RICHARD L. ROBERTSON, JR.

In sequestration of movable property based on a vendor's privilege, an affidavit to the debt, to the privilege, and to the fear that "the defendant will conceal, part with or dispose of the movable in his possession during the pendency of the suit," fills all the requirements of the law; and the party is not bound to swear to, or to prove, any other grounds of fear than the simple facts that he has a privilege and that it lies in the power of the defendant to defeat or destroy it by doing some of the acts which he swears he fears he may do.

The case is still stronger where the purchaser of the movable has failed to pay the price when due; which default would be a sufficient reason for the fear, even if the law required the creditor to swear and to prove that he has *good cause* to fear, which it does not.

APPEAL from the Civil District Court for the Parish of Orleans. Houston, J.

*Hornor & Lee* for Plaintiff and Appellant.

*Sam'l L. Gilmore* for Defendant and Appellee.

The opinion of the Court was delivered by

FENNER, J. The appeal is from an interlocutory judgment dissolving a sequestration.

The sequestration issued upon an affidavit of plaintiff that the debt claimed is due and owing; that he has a vendor's privilege upon the

movable sequestered; and that he "fears that the defendant will conceal, part with or dispose of the same during the pendency of the suit."

The grounds assigned in the rule to dissolve are:

1st. That the statements contained in plaintiff's affidavit are entirely unfounded and untrue.

2d. That the bond herein furnished is insufficient.

The ground first above stated is the one on which the judge *a quo* acted, and the only one urged before us. Recurring to the affidavit, the statements contained in which are charged to be untrue, we find no statements therein except those above recited.

It is not pretended that, under his rule to dissolve, the defendant has established the non-existence of either the debt or the privilege, or that the debt is not overdue.

The only remaining allegation is the one that plaintiff *fears* that defendant will conceal, part with or dispose of the property during the pendency of the suit. It would certainly be difficult to establish that such an allegation is untrue. Fear is a subjective mental condition, the existence or non-existence of which can hardly be the subject of extrinsic proof. If a man says and swears that he fears, it is, to say the least, difficult to contradict him.

But the contention is that it is not sufficient that a party has a privilege and that he fears it may be lost by some disposition of the property during the pendency of the suit, but that he is bound to establish in addition that his fear is based on such acts or declarations of defendant as would justify the fear.

If this were correct, we should not hesitate to hold that where a man has sold movable property for a price payable in notes at a fixed day, and when the purchaser fails to pay them when due, the mere fact of non-payment, coupled with the additional fact that it lies in the power of the purchaser to defeat the vendor's privilege by the alienation or removal of the thing sold, constitutes ample cause for a just and reasonable fear that his privilege may be thus defeated.

In the case of provisional seizure, the lessor is required to make affidavit " that he has *good reasons to believe* that the lessee will remove the furniture," etc. (C. P. 287); yet this Court has repeatedly held that the failure of the tenant to pay the rent when due constitutes a sufficient basis for the affidavit. Heirs of Lalaurie vs. Woods, 8 Ann. 366; Wallace vs. Smith, *Id.* 376; Shiff vs. Ezekiel, 23 Ann. 383; Fox vs. McKee, 31 Ann. 71; Dillon vs. Porier, 34 Ann. 1100.

The same principle applies with equal force to a vendor's privilege where the purchaser fails to pay the price when due.

In the case of sequestration, moreover, the plaintiff is not required to swear that he has *good reasons* to fear, but simply that he *fears*. C. P. 275, No. 8.

In some earlier cases there were *dicta* to the effect that a party must not only establish his privilege and his fear that it may be lost, but also good grounds for the fear.

But in Wells vs. St. Dizier, 9 Ann. 119, the Court held a simple affidavit in the terms of No. 8 of Art. 275, C. P., to be sufficient; and in a later case the Court followed the same rule, making the following significant reference: "We are aware that there are other decisions which are inconsistent with the decision in Wells vs. St. Dizier, but prefer to abide by the doctrine of the last named case as being, in our opinion, more in conformity to the letter of the Code of Practice." Mabry vs. Tally, 15 Ann. 563.

Still later, it was held that an affidavit to the privilege, coupled with a statement of the fear in accordance with No. 8 of 275, C. P., was sufficient basis for sequestration. Blanc vs. Wallace, 26 Ann. 492.

And in the latest case, it was treated as *conceded* that "had the affidavit set forth the *fear* of a removal of the cotton (in addition to the privilege) it would have followed the exigencies of the law." Gumbel vs. Beer, 36 Ann. 487.

We treat it, therefore, as fully settled, in accordance with the uniform practice, that in sequestration based on a privilege (at least when the debt secured is due), an affidavit to the debt, to the privilege, and to the fear stated in No. 8 of Art. 275, C. P., is sufficient. The party is not bound to swear to or to prove any other grounds of fear than the simple facts that he has a privilege and that it lies in the power of the defendant to defeat or destroy it by doing some of the acts which he swears he fears he may do. Where the debt is not due, possibly different considerations might arise.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be annulled and reversed; and it is now ordered and decreed that the motion to dissolve the sequestration be denied and overruled, at defendant's cost in both courts.