No. 14,342.

THOMAS A. PIERCE vs. J. Y. STURDIVANT.

SYLLABUS.

1. Sequestration was sued out against a crop standing ungathered in the field. The affidavit was that plaintiff feared defendant would conceal, part with, or dispose of the crop. Defendant's charge of falsity of the affidavit gave rise to inquiry into the *reasonableness* of the fear expressed by plaintiff.

2. On this inquiry, involving questions of fact, it is considered sufficient grounds existed to warrant the apprehension and sustain the writ.

3. Where the right to sequester is contested on the averment of no grounds existing warranting resort to the writ, the inquiry is to be directed towards ascertaining whether the debtor was doing or saying that from which his creditor might apprehend the existence of an *intention to do the hurtful* thing that the sequestration would prevent, rather than to ascertaining the real intentions of the debtor.

IN RE Thomas A. Pierce, applying for *Certiorari*, or Writ of Review, to the Court of Appeal, Second Circuit, State of Louisiana.

*William Francis Millsaps*, for Applicant.

*Andrew Augustus Gunby,* and *Allan Sholars,* for Respondent.

The opinion of the court was delivered by

BLANCHARD, J. The writ of review was granted and the case is before us for examination and decision.

Plaintiff sued to recover $165.42, with interest, for goods, wares, merchandise and farm supplies furnished defendant during the year 1901, annexing an itemized account to his petition.

Defendant, it seems, had recently entered under the homestead act a tract of land adjoining that of plaintiff, and being without means entered into a contract with plaintiff, himself a farmer, the terms of which will hereinafter appear.

Plaintiff had occupied a portion of the land constituting the homestead entry just previous to its acquisition by defendant, and had put some fencing and a cabin upon it and, perhaps, had done a little clearing.

He explains this by the statement that he was under the impression the lines of his own land extended that far—that is to say, ran over on land which it was afterwards ascertained did not belong to him, but did pertain to the tract which defendant entered.

Plaintiff claimed the improvements he had thus put upon the tract and asserted his right to remove them, though, entering into contractual relations with defendant, did not do so.

The agreement between the parties was that defendant was to cultivate the cleared land on the homestead entry; plaintiff to furnish the stock and farming implements necessary for that purpose and feed the stock. All the labor required was to be furnished by defendant.

The crop thus to be grown was to belong one-half to plaintiff, the other half to defendant.

It was further agreed between the parties that plaintiff was to furnish defendant with supplies to enable him to cultivate the crop. These supplies were, in the main, food for defendant, his wife and five or six children, and the same were to be paid for out of the proceeds of defendant's half of the crop.

Plaintiff says his agreement was limited to $100.00 worth of supplies, unless the growing crop justified more. Defendant denies the limit as to amount.

It is a fact that the account ran up to the amount sued for, of which $109.11 came under the head of supplies necessary to make the crop, for which the law grants a privilege on the crop.

In his petition plaintiff claimed a privilege on defendant's half of the crop to secure this $109.11.

He claimed, also, the ownership of the other undivided half of the crop, which was then standing ungathered in the field.

He averred he feared defendant would conceal, part with or dispose of the crop and prayed its sequestration.

It was sequestered, but released, later, on bond, with security, executed by defendant.

In an exception and motion to dissolve defendant pleaded the debt was not yet due and the action premature, and that no grounds for sequestration existed.

These pleas were overruled, as were the defenses set up in the answer, and the District Court awarded judgment in favor of plaintiff for the amount sued for, sustained the sequestration, recognized plaintiff as owner of an undivided half of the crop seized, and recognized a privilege in his favor for $109.11 on defendant's undivided half of the crop.

On appeal by defendant to the Court of Appeal that tribunal sustained the district judge in all particulars except as to the sequestration.

It held the grounds and proof insufficient on that branch of the case and dissolved the writ.

*Ruling*—We are unable to concur in this view. Plaintiff was owner of one-half of the crop and had a privilege as furnisher of supplies on the other half.

Here were two grounds, either of which sufficed to supply a basis for sequestration upon plaintiff complying with the requisites provided by law. This he did when he made affidavit that he feared defendant would conceal, part with or dispose of the crop, and furnished the bond in the amount fixed by the judge.

Defendant's charge of the falsity of the affidavit gave rise to inquiry into *the reasonableness* of the fear expressed by plaintiff. Vives vs. Robertson, 52 La. Ann. 25.

Sufficient is shown, we think, to sustain the averment.

While the end of September was at hand, defendant had not picked a lock of cotton in the field. Half to two-thirds of it was open. Cotton picking in the neighborhood had begun the latter part of August. Plaintiff had already, on the adjoining place, picked over his own cotton two or three times. Defendant was ailing to some extent, but was engaged in cotton picking, when well enough, elsewhere than in his own field. The crop, ungathered, would soon go to waste, and much of it would rot in the field. The rains would beat it out and the mud and dust would injure the staple. It would deteriorate.

Plaintiff was owner of the half of the crop. He could not lawfully enter upon the premises for the purpose of safeguarding his interests by picking the cotton. Besides, it was defendant's duty to pick it. That was the agreement.

The only way to save it, if defendant would not pick it, was to sequester it and have it picked through orders of the sheriff by authority of the court, with the legal right in defendant to bond the sequestration, in which event the bond would furnish protection to plaintiff.

Defendant's wife had told plaintiff in the presence of her husband that the latter was unable to pick the cotton and that if it was to be picked she and her children would have to do it, and if they did it he (plaintiff) would not get it.

It is testified to by Mr. Beard, a neighbor and reputable citizen, that defendant told him he would not proceed to gather the crop unless plaintiff consented to forego the benefit of the farming contract between them, which meant that Pierce would not claim ownership of half the crop.

All this taken together justified the affidavit plaintiff made for the sequestration. As this court said in Duncan vs. Wise, 39 La. Ann. 74, it is not what the party intended to do that is to be considered in determining whether the sequestration has been lawfully sued out, but whether he was doing or saying that from which his creditor might apprehend the existence of an intention to do the hurtful thing that the sequestration would prevent.

As to all the other defenses set up, it suffices to say, without going into a discussion of the same, that we agree with the conclusions reached by both the courts below.

It is ordered that the decree herein of the Court of Appeal, Second

Circuit, be set aside, and that the judgment of the District Court do stand as the proper determination of the issue involved in this cause— costs of all the courts to be paid by defendant.