BREAUX, C. J.
Plaintiff sued for the settlement of a partnership between him and the defendant, Anatole St. Geme, and prayed in that connection for a writ of sequestration, which was granted, and the property of the partnership was taken possession of by the sheriff under the writ.
The defendant filed an exception to dissolve the sequestration. The exception was overruled.
Albert Foureade intervened and claimed an interest as partner.
The defendant, St. Geme, .did not raise any special defense in his answer to plaintiff’s demand. He admitted in his answer that there had been, previous to the 1st of ■October, 1903, a partnership as alleged, and •said that, in addition to the partners named by plaintiff, there was another, Albert Foureade, who, as a partner, was entitled to one-fourth of the assets, consisting of :$7,369.65 in cash, tie (St. Geme) says that, when he was called upon by plaintiff for settlement of the partnership, he did not refuse to settle, but, on the contrary, offered to sign a check for plaintiff’s share of the cash. The cash assets of the firm were deposited in bank, and by agreement among the partners could only be drawn by a check signed by Anatole St. Geme, or his agent, T. Young, ■and F. Boimare, the plaintiff; that is, all the ■cash assets were thus deposited, except an •amount withheld in order to pay running expenses of the business. The defendant, St. Geme, further says that the remaining property consisted of furniture which had altogether cost the firm $300. Plaintiff asked $1,-000 for his share, and then, upon his (St. Geme’s) protesting that this was excessive, Boimare walked away and procured a sequestration.
St. Geme avers that he and Albert Fourcade have always been willing to settle the partnership on the basis of the proportion before mentioned; that is, in the proportion of the share of each partner in the partnership.
Plaintiff placed Foureade’s intervention at issue by a general denial.- Plaintiff in the course of the proceedings appeared before the court and charged that Tassie Young had cash belonging to the partnership, which he refused to deliver to the sheriff, although so ordered under the writ of sequestration which plaintiff had obtained. He also obtained a rule for contempt, to which rule Young excepted on the ground that no judgment for money had been obtained, and that in consequence no rule could legally issue, and, in the alternative, he (Young) denied that he had in his possession or under his control any money belonging to the partnership in question; that he was bookkeeper of a firm composed of plaintiff, defendant, and intervener, Foureade; and that, on demand of St. Geme, he delivered to him, with the consent of Foureade, but not of Boimare, all the money he had in his possession.
The rule for contempt was dismissed at the cost of plaintiff. On the merits, the judge of the district court decided against defendant, maintained the exception, and recognized plaintiff as owner of all the property sequestered, and ordered that the property sequestered be divided, or, if sold by sheriff, that one-half of the net proceeds be paid to plaintiff, and one-half of the cash in sheriff’s hands.
He dismissed the intervention of Foureade to be recognized as a partner, but recognized *901 him as being entitled, to one-half of what was decreed to plaintiff, and ordered the sheriff to pay him accordingly.
He rejected the other demands of plaintiff, condemning him to pay costs of the rule for contempt, and condemned the defendant to pay the cost of sequestration, and all other costs to be paid by the assets of the partnership.
From this judgment, defendant appealed.
The defense raised by the exception requires us to determine, first, whether plaintiff had or did not have sufficient ground upon which to base a writ of sequestration.
The facts do not sustain the proposition that there was necessity for the sequestration. The partners had not particularly disagreed. Plaintiff desired to get rid of a third person to the partnership (Fourcade), who divided with him part of the revenues of the firm.
Defendant objected to the discharge of this third person, who divided the revenue with plaintiff (Boimare) in equal proportion.
We infer from the testimony that he (St. Geme) favored his employe (Fourcade), deemed him useful, and was not willing on his account to become partner of plaintiff, Boimare, without Fourcade. To continue the business, he must have Fourcade. On the other hand, plaintiff, Boimare, did not wish to continue as partner with Fourcade connected with the business. We will state here that plaintiff and defendant were owners in the partnership of one-half each, but, for reasons not necessary to mention, Boimare divided his half with Fourcade, making each (Boimare and Fourcade), owner of one-fourth, while St. Geme was owner of one-half. Boimare, we infer, wished one-half, and, to obtain the one-half, it became necessary for Fourcade to withdraw.
Just prior to taking out the writ of sequestration, plaintiff called the defendant in, and, in the course of the conversation, defendant offered him a check for the amount of his 'interest, which plaintiff refused to accept. He, in addition to the check offered, demanded his proportion of the furniture of the partnership, valuing the furniture at $1,-000. Defendant did not consent, but replied that it had cost only $300.
Without the least delay, Boimare left the office. The same day he brought the suit and obtained the sequestration.
We are not informed that the defendant was insolvent, that he had failed to meet any of his obligations, or that up to the time he had committed any act to give rise to a suspicion that he would take advantage of his partner. It follows, to the time plaintiff’s petition was filed, he had done nothing to give rise to apprehension or fear that he would do away with plaintiff’s portion. True, after the suit had been brought he and the cashier of the firm were dilatory. They held back funds more than they should have done. Defendant placed a comparatively small portion of the firm’s funds to his credit on deposit in the bank in which the firm deposited its cash assets.
These post litem motam acts could not have given rise to any of plaintiff’s fears. The purpose of defendant does not seem to have been to take advantage of the plaintiff.
Plaintiff feared that defendant would “conceal,” “part with,” or dispose of the assets of the firm, as set forth in his petition, were, as sworn to by him, prima facie evidence, and, upon the face of the papers, proof enough to sustain the sequestration. But this allegation was controverted, and the presumption rebutted. The’ presumption invoked by plaintiff is not conclusive, and must yield to proof positive that defendant did not intend to conceal, part with, or dispose of the property, and particularly in view of the fact that prior to plaintiff’s petition for a sequestration there were no grounds for him to suspect that his partner would take advantage of the partnership.
There was an offer of settlement made by *903 defendant, which plaintiff declined to accept. It was in the nature of a tender. It should be considered in that light. The defenses which were afterward set up, even if not entirely consistent with the tender, do not do away with the fact that just prior to the suit it was made to plaintiff, and declined by him. Not having been accepted, defendant was then and there in a position to set up that he was in good faith as a partner up to the date that suit was brought.
This being our view of the facts regarding the sequestration, it must fall.
The following decisions are in line with the views we have expressed: Vives, Jr., v. Robertson, 52 La. Ann. 11, 26 South. 756; Milling Co. v. Lawler, 39 La. Ann. 572, 2 South. 398; Egan v. Fush, 46 La. Ann. 474, 15 South. 539; American Furniture Co. v. Grant, 50 La. Ann. 931, 24 South. 182.
Plaintiff insists that, defendant not having excepted to the order of the court maintaining the sequestration, same is not before the court for review, and cites Hill v. Hill, 112 La. 770, 36 South. 678, as authority conclusive upon the subject.
We have not found that that decision sustains that view; but, on the contrary, we are quite convinced that the appellant can be heard without having taken a bill of exception setting aside a sequestration. We would be loath to adopt another view, even if there was a decision to the contrary. We have found none. The decision cited, which we have examined with some scrutiny, relates to particular facts giving rise to issues that are not before us at this time. The cited case (Hill v. Hill), because of its facts, is sui generis.
The plaintiff put^ up a plea as relates to the costs of sequestration and sheriff’s costs in that connection. We do not think we should sustain it.
The only question here is one of costs. In another suit in pari materi£e, by consent of all parties concerned, the money held under sequestration was delivered to the sheriff. The consent does not afford ground to charge' costs to defendant, for we do not understand that the consent to deposit the funds sequestered included or had anything to do with-the sheriff’s costs, the sequestration being' dissolved. Defendant consented to let the money sequestered go into the hands of the' sheriff after the sequestration had been served. 1-Ie only yielded to the inevitable. He could not have done less, and, under the circumstances, his consent cannot be invoked against him, as relates to the costs claimed.
The interest of Fourcade in the partnership is the next question before us.
1-Ie (Fourcade) claims to have been a partner, but fails to prove anything of the sort,, and only succeeded in proving that by an agreement he was dividing the profits with plaintiff. If he was the partner of plaintiff,, he was not the partner of plaintiff’s partner, the defendant. 1-Iis relation was not that of partner to the firm. His intervention was properly dismissed.
The court ordered the sheriff to pay him his proportion of the funds. In view of the-circumstances of this case, we will not disturb that portion of the judgment. It does justice between the parties, and plaintiff does not seem to object.
It follows, the judgment is amended in one-particular, the sequestration is dissolved, and the costs of sequestration are to 'be paid by plaintiff and appellee.
It is further ordered, adjudged, and decreed that the sheriff pay over to each partner his proportion of the cash, and to Fourcade the proportion to which he (Fourcade) is entitled therein.
The judgment of the district court, after amendment as above, is affirmed.
Cost of appeal to be paid by appellee.