PROVOSTY, J.
The judgment appealed from in this case reads as follows:
“American Hoist & Derrick Co. v. Charles Y.
Frey. No. 2,587.
“27th Judicial District Court, State of Louisiana, Parish of St. James.
“Plaintiffs sold to defendant on the 22d day of August, 1909, a sugar cane hoist and derrick, for a price and sum of twenty-two hundred dollars, of which amount defendant paid cash the sum of five hundred no/100 dollars, and agreed to give to plaintiffs on November 30, 1909, his note payable 30 days after date in representation of the balance of' said purchase price. Plaintiffs also sold defendant a number of chain slings, for use in connection with said derrick, for a price of eight hundred and forty dollars, payable in 30 days, delivery of which was completed November 14, 1908. The derrick was delivered on the Bourbon plantation in this parish where it was erected to enable Mrs. Frey, wife of defendant, to load and ship on railroad cars her crop of sugar eane; grown and gathered on said plantation, which is her separate property. There is no community ‘between defendant and bis wife, and they were separate in property previous to the purchase by Mr. Frey of the derrick and attachments presently the subject of this suit.
“Defendant, who has the management and supervision of his wife’s Bourbon plantation, shortly after receiving the derrick in the fall of 1908, complained to plaintiffs that certain parts of the derrick were defective, and had, in consequence, broken. Plaintiffs sent defendant some bolts to repair the defects complained of, but they were not used, and defendant feeling aggrieved failed to liquidate by his note the balance due as agreed originally.
“There was some correspondence between these parties with regard to the condition of the derrick and payment of the balance due on the purchase price of the same. It was, however, used to load and ship the sugar cane crop on Bourbon plantation in the fall and winter of 1908. During the summer or about the month of June, 1909, plaintiffs placed their claim for collection in the hands of the attorneys who brought this suit. They made demand for payment by letter, and defendant, still believing that the derrick was not in good condition to do the work for which it was designed, refused to pay until the proper alterations and repairs were made upon it by plaintiffs.
“The matter was in this condition, when on the 9th day of November, 1909, plaintiffs filed the present suit, and alleging their vendor’s lien and privilege on the derrick and slings, and their fear that defendant would conceal, part with, or dispose of the same during the pendency of their suit, on making oath and furnishing security, they obtained from this court a writ of sequestration, under which the sheriff seized and took the same in his possession.
“Defendant first moved to set aside the sequestration on the ground of the untruthfulness of plaintiffs’ allegations, and then under reservation, answered by general denial.
“On the merits of the case, there is no controversy except as to the time from which interest should be allowed. Defendant does not contest the validity of plaintiffs’ claim in so far as it may be offset by his claim in reconvention for damages resulting from the sequestration.
“So far as the record shows, the sale was made verbally, and there is no evidence of special warranty by the vendors as to the quality of the derrick or slings, except that warranty which the law implies in every sale whether it is expressly stipulated or not. Nor was there, according to the record, any exclusion of warranty, and, if there had been, the plaintiffs could not have liberated themselves from responsibility for latent defects, of which, as manufacturers, they are legally presumed to have knowledge, 'because such a stipulation would be contra bonos mores. But defendant nowhere in his answer, asks for a diminution of the price or for damages as a result of the alleged vices in the thing sold. Nor does he offer any proof of the. value of the repairs which he claims were necessary to put the derrick in first class condition. I infer from his argument that he justifies himself in holding back the price of the derrick and slings on the ground that they were defective, and that consequently he cannot ‘be made to pay interest on a claim which he had the right to withhold. There was certainly no agreement between him and his vendor to this effect, and if he had such a right, it could only spring from the law. The law in this state does not, however, in my opinion, sanction such a course. All debts bear legal interest from the time they are due. Defendant owes interest on the slings from December 14, 1908, and on the balance due on the derrick from December 30, 1908, and it is impossible for the court to offset this interest by a claim for diminution of price or for vices in the thing sold, when the same is not set out in the answer nor the value shown by proof in the record. Defendant withheld plaintiff’s money, while he had possession and made use of the derrick and slings. He could only have liberated himself from the payment of interest on the ground that he had suffered damages in an amount equal to that interest, and this he has failed to allege or prove.
“Defendant’s main contention and principal defense is that the sequestration was issued wrongfully, that he suffered damages in various ways amounting altogether to the sum of four *188 teen hundred and ten 42/100 dollars, for which amount he reconvenes and prays for judgment.
“The writ was issued under paragraphs 7 and 8 of article 275, Code of Practice. The juris•prudence is settled that a privilege does not justify the issuance of the writ unless fear of removal is also alleged and proved; and the plaintiffs in the present suit, therefore, not only swore that their claim was secured by privilege on the derrick and chains, but also that they feared the defendant would conceal, part with, or dispose of the same during the pendency of this suit. The proof offered by them in support of their affidavit shows that they had a vendor’s lien and privileges, and that they based their fear on the fact that their claim was long past due, that their counsel only discovered about the month of June, 1909, that the Bourbon plantation was the separate property of Mrs. Prey, wife of defendant, that the only property recorded in the name of defendant was a small tract of land on which there was a mortgage of $1,200, that, they felt the derrick and slings might become subjected to the privilege of laborers on the plantation for their wages; that they did not know, on account of the storm in September, how Mr. Prey would come out on the crop of 1909; that he might become indebted to his wife and turn over his property to her by means of a dation en paiement. Other evidence shows that the Bourbon plantation belonged to Mrs. Prey, before the purchase of the derrick and slings, that defendant and his wife were separate in property also before the purchase; that the tract of land recorded in defendant’s name cost him $2,200, of which amount he paid $1,000; that he acquired this land after he had purchased the derrick from plaintiffs, and the defendant also owns a store and a barroom, worth $4,500. There is no evidence that defendant committed any act, after his acquisition of the derrick and slings from plaintiffs, which would give cause to fear or suspect that he intended to dispose of, part with, or conceal this property during the pendency of this suit, and, on the other hand, he swears that he did not do or commit any such act. Nor is the danger of a dation en paiement sufficient cause, for such a transfer would not defeat the vendor’s privilege. Plaintiff’s attorney also mentions in his evidence the fact that, in answer to a demand for payment of this claim, defendant wrote him, in what he considered a very independent manner, and no doubt this letter was quite a factor in determining plaintiff’s attorneys to sue out the present writ. But the letter is not in evidence, and it is impossible for the court to pass upon its sufficiency as. a ground for plaintiffs’ fear.
“An impartial consideration of the testimony does not disclose sufficient ground for the fear which plaintiffs entertained as to the defendant’s intention in regard to this property. The fear of removal was no doubt honestly entertained by them, but their suspicions do not appear to have been well founded. The evidence does not justify the reasonableness of their fear, for defendant did nothing from which plaintiffs might reasonably apprehend the- existence of an intention on his part to do the hurtful thing that the sequestration would prevent. Pierce v. Sturdivant, 108 La. 561 [32 South. 530],
“I understand the jurisprudence now to be that the fear which justifies a resort to the writ of sequestration must 'be based on reasonable grounds, that defendant must have done some act which it can reasonably be assumed that he intends to dispose of, part with, or conceal the property; that it is not sufficient, as might ‘be inferred from Lowden v. Robertson, 40 La. Ann. 825 [5 South. 405], that plaintiff only entertained the fear, but that he must show affirmatively some act on the part of defendant justifying that fear. Vives, Jr., v. Robertson, 52 La. Ann. 26 [26 South. 756]; American Furniture Co. v. Grant Furniture Co., 50 La. Ann. 938 [24 South. 182]; Pierce v. Sturdivant, 108 La. 561 [32 South. 530]; Boimare v. St. Geme, 113 La. 901 [37 South. 869]; Young et al. v. Guess & Swanson, 115 La. 233 [38 South. 975],
“Having reached the conclusion that the writ of sequestration was wrongfully issued, but that it was not prompted by malice or bad faith, it follows that defendant is entitled to be reimbursed the actual damages which he may have suffered as a result of the issuance and execution of said writ.
“The only damages which, in my opinion, defendant is entitled to recover are attorney’s fees and harm to his refutation. The extra expenses undergone by him in exploiting his wife’s crop, if due, are due to her, and defendant has no interest or right therein. Mrs. Frey is not a party to this suit, and there is no privity between her and plaintiffs, so .far as the record discloses, and it would serve no useful purpose to discuss any liability by them to her, in the present controversy. Article 2386 of the Civil Code provides that when the paraphernal property of the wife is administered by the husband, the revenues belong to the community, if-there exist a community. But in this case there exists no community. It was dissolved, or rather it was never permitted to come into existence ; and in this state, it cannot be re-established. Ford v. Kittredge, Adm’x, 26 La. Ann. 194. While it may be true, under the concluding paragraph of article 2386, that fruits of the separate property of the wife, coming into the husband’s hands, may be enjoyed by him, it does not follow that he has a right of action to recover the same when they have not yet come into his hands. These revenues under the previous terms of the article belong to the wife, and he is even liable to her for the same when she opposes his administration. Civ. Code, art. 2386.
“Plaintiffs contend that they are' not liable for attorney’s fees because the motion to dissolve was tried at the same time as the merits of the case and they refer to a line of decisions, which are not quoted, and which I have been unable to find. It was agreed before entering upon the present trial that the motion to dissolve be taken up at the same time, as the ease on its merits, without prejudice, defendant reserving his *190 right to have the motion passed upon before the trial on the merits. Admitting the correctness of plaintiff’s contention, this agreement does away with the same. But the court cannot agree with plaintiffs in their contention. It has 'been decided that where a conservatory writ is dismissed or dissolved as a result of the judgment on the merits, counsel fees will not be allowed for such dismissal or dissolution. State v. Demareste, 41 La. Ann. 413 [6 South. 654]; McDaniel v. Gardner, 34 La. Ann. 342. But there are a number of cases where attorney’s fees were allowed, where a motion to dismiss or dissolve was tried at the same time as the merits. Perkins et als. v. Vincent et als., 47 La. Ann. 581 [17 South. 126]; Aiken v. Leathers et al., 40 La. Ann. 27 [3 South. 357]; Vives v. Robertson, 52 La. Ann. 12 [26 South. 756]. And see especially Fush v. Egan, Jr., et al., 48 La. Ann. 64 [19 South. 108], The court’s understanding of the law is that where no effort is made to dismiss or dissolve a conservatory writ by bonding or by motion, and the writ fails as a result of the trial solely on an answer to the merits, and only in that event, no counsel fees will be allowed. Defendant swore that he had to pay his attorney $100 for his services in his attempt to dissolve the present sequestration. and the amount appears to be reasonable.
“The only other item of damage claimed by defendant is $1,000 for being branded as dishonest by plaintiffs, which caused, according to his allegations; his employes to worry about being paid their wages, and that defendant’s neighbors knew of said charge. The worry of his employes, referring no doubt to the laborers on Bourbon plantation, could cause him individually no harm. The only evidence of harm to his reputation, outside of defendant’s own general statement that he was damaged, is that a neighbor, Mr. Brignac, hesitated to cash a check for him. It is difficult to estimate damages to reputation, and, unless there is some evidence showing that plaintiff’s action caused defendant to have been lowered in the esteem of his neighbors and the public generally, the court should only award nominal amount. There is no charge of worry, humiliation, or mental suffering in the answer, and the evidence shows that the only worry caused to defendant was in regard to the speedy and economical harvest of his wife’s crop on Bourbon plantation. The harm which he apprehended was to Mrs. Prey, and not to himself. I do not believe, without proof to • the contrary, that Mr. Prey’s good reputation had been tarnished, or that any of his neighbors or the general public have ever ceased, as a result of the sequestration, to consider him an honest and upright gentleman. I believe that an award of the nominal sum of $50 will do him justice.
“By these reasons and by further reason of the law and the evidence being in favor of such judgment, it is ordered, adjudged, and decreed that plaintiffs, the American Hoist & Derrick Company, do have judgment against Charles V. Prey, defendant, in the sum of $2,540, with legal interest on $840 from December 14, 1908; and a like interest on the balance from December 30, 1908; that the writ of sequestration herein be dissolved and set aside, that defendant recover as damages for the wrongful issuance of said writ the sum of $150 with legal interest from this date, that the costs of sequestration be paid by plaintiffs and all other costs by defendant.
“Thus rendered and signed at Chambers, by consent of parties, this 19th day of February, 1910.
“[Signed] Paul Leche, Judge.”
This judgment appears to us to be correct in every particular and to cover the case completely; hence all we need do is to adopt it as our own.
Judgment affirmed.