LAND, J.
Defendants purchased 20 mules from the plaintiff for the price of $5,400, of which the sum of $1,400 was paid in cash, and a note given for the balance. The note for $4,000 matured on January 15, 1911, but *449 was not paid, and the plaintiff, after vain attempts to obtain payment, instituted this suit on May 2, 1911, and caused 19 of the mules to be seized under writs of sequestration. The writ issued on the usual affidavit that the debt was past due and unpaid, and that the plaintiff feared that the defendants would conceal, part with, or dispose of the property during the pendency of the suit. Defendants in their answer denied that they at any time attempted to conceal or dispose of the property sequestered, or that any reason existed in law or in fact for the issuance of the writ, and prayed for its dissolution, with damages in the sum of $1,750. There was judgment for plaintiff, and the defendants have appealed.
Time after time the plaintiff made demands on the defendants for the payment of the note. Brown referred plaintiff to Biles, and Biles referred him to Brown, and the latter, after making a number of promises, finally said to the plaintiff:
“Go ahead, and do what you want to.”
Biles, when he referred plaintiff to Brown, told him that if Brown did not pay the note, or a part of it, plaintiff had better go ahead and protect himself. Brown did not testify on the trial of the cause. -Biles first testified that he told plaintiff that he had no money to pay the note and to protect himself, and then qualified the statement by saying that he did not remember whether he told plaintiff to bring suit or protect himself. Defendants could not, or would not, pay for the mules, did not offer to return them, and told plaintiff to protect himself by suit. Defendants’ acts and declarations were sufficient to cause the plaintiff to fear that the defendants, or one of them, would part with or dispose of the property. The question is, not what the defendants intended to do, but whether their doings and sayings were calculated to cause the plaintiff to fear that he might lose his vendor’s privilege by some disposition of the property. Pierce v. Sturdevant, 108 La. 561, 32 South. 530. Plaintiff was told to protect himself by judicial proceedings, and his only adequate remedy was by sequestration
Plaintiff asks for damages for a frivolous appeal. We are not prepared to say that the appeal was taken merely for delay.
Judgment affirmed.