No. 9081
Orleans

## MAX BARNETT FURNITURE COMPANY v. LOUIS J. MARTEL, Appellant

(October 19, 1925, Opinion and Decree)
(November 2, 1925, Rehearing Refused)

*(Syllabus by the Court.)*

1. Louisiana Digest — Sequestration—Par. 5, 15.
When plaintiff claims a sum of money with privilege, his affidavit that he fears that the defendant will dispose of his property entitles him to a sequestration; he need not support these fears by proof.

2. **Louisiana Digest—Sequestration—Par. 2.**
While it is necessary that the plaintiff should claim a specific sum, his sequestration will not be dissolved if he claims more than is due him.

Appeal from Civil District Court, Hon. Porter Parker, Judge.

This is a suit, coupled with a sequestration, for the price of furniture sold and delivered.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Fred C. Marx, of New Orleans, attorney for plaintiff, appellee.

Paul A. Sompayrac and Herman Windberg, of New Orleans, attorneys for defendant, appellant.

CLAIBORNE, J. This is a suit for the price of furniture sold and delivered.

The plaintiff alleges that he sold and delivered to the defendant a lot of furniture; that in part payment thereof the defendant subscribed a note for $600.00 dated May 13, 1921, payable ninety days after date with eight per cent interest from date until paid; that the defendant has paid $200.00 on account of said note, leaving a balance due of $400.00; plaintiff further averred that it had a vendor's privilege on said furniture and that it feared that the said Louis J. Martel "will conceal, part with, or dispose of the same in his possession during the pendency of this suit, and that a writ of sequestration is necessary to protect petitioner in the premises".

Plaintiff prayed for a sequestration and for judgment for $400.00.

The affidavit for the sequestration read as follows:

"Lee J. Keeting, being duly sworn, deposes and says: That he is credit man for the Max Barnett Furniture Company, Incorporated, and that all the averments of the above and foregoing petition are true and correct, except such as are stated upon information and belief, and those he believes to be true."

The sequestration was issued as prayed for.

The defendant filed a motion to dissolve the sequestration upon two grounds: First, that plaintiff had no just cause to fear that defendant would conceal, part with, or dispose of the property subject to the privilege, and second, that defendant did not owe the full amount sued for.

It does not appear that the motion was served upon the plaintiff, or that any action was taken concerning it.

For answer the defendant admitted the sale of the furniture to him, and the issuance of the note by him for $600.00; but averred that he paid on account of said note $155.00 on January 9, 1922, and $100.00 on February 20, 1922, leaving a balance due of less than $400.00. He further averred that "he notified plaintiff at the time of paying $100.00 on February 20, 1922, by messenger who took check that he would make every reasonable effort to pay the remainder of said note in ninety days and had every reason under custom to expect plaintiff would and had granted the time, as plaintiff made no answer to said notification".

Defendant prayed for dissolution of the sequestration with damages and for dismissal of plaintiff's suit.

On the trial of the case plaintiff admitted that defendant was entitled to a further credit of $23.27, reducing plaintiff's claim to $376.73.

There was judgment in favor of plaintiff for that amount, maintaining the sequestration and dismissing defendant's reconventional demand.

From this judgment defendant has appealed. First, it was not necessary for plaintiff to substantiate or justify his allegations that he feared that the defend-

ant would conceal or dispose of his property. Since the case of Lowden vs. Robertson, Jr., 40 La. Ann. 825, 5 South. 405, the Supreme Court, affirming decision to the same effect, has decided that a creditor having a privilege, especially a vendor of movables, may issue a sequestration on the simple affidavit that he fears that the defendant will dispose of the property subject to the privilege. C. P. 275 S. S. 7 and 8, affirmed in the Cypress Shingle and Lumber Co. vs. Lorio, 46 La. Ann. 441, 15 South. 95, and Goldman vs. Goldman & Masur, 47 La. Ann. 1463, 747, 17 South. 881.

It is true that the Supreme Court in American Furniture Co. vs. Grant-Jung Furniture Co., 50 La. Ann. 931, 24 South. 182, decided otherwise. But no reference was made therein to the Lowden case, and it does not appear that it was called to their attention.

The American Furniture Co. case was affirmed in Vives vs. Robertson, 51 La. 11 (24) and Boimare vs. St. Geme, 113 La. 898, 37 South. 869.

But in order to put the question beyond the vacillating judgments of courts, the Legislature in 1912 passed Act 190 of 1912 which is an endorsement of the Lowden case, 40 La. 825, 5 South. 405. This statute has been enforced in Bomer-Ferguson Co. vs. Shapiro, 148 La. 736, 87 South. 720; Gueydan vs. T. P. Rauch Co., 156 La. 397, 100 South. 541, 10 Orleans App. 280; Teissier Digest 156.

The charge by defendant's attorney that the decisions in the Lowden and other cases are "a blot upon our jurisprudence" stands alone against the opinion of eminent judges and the endorsement of the members of the Legislature, who passed the Act of 1912 on the recommendation of the Louisiana Bar Association.

Second. While it is necessary that the plaintiff in sequestration should claim a definite and specific sum the penalty for inadvertently praying for a larger sum is not a dissolution of the writ.

The case of Wilson vs. Churchman, 4 La. Ann. 452, does not support defendant.

Third. Plaintiffs' affidavit for the sequestration is sufficient. The petition sets out its claim clearly and the affiant swears "that all the averments of the above and foregoing petition are true and correct". C. P. 276. There is no proof that the plaintiff granted the defendant any extension. Judgment affirmed.