## BLITZ v. GUENIN.*
### No. 16997.

Court of Appeal of Louisiana. Orleans.
April 10, 1939.

A. D. Danziger, of New Orleans, for appellant.

Philip R. Livaudais, of New Orleans, for appellee.

McCALEB, Judge.

The plaintiff, Rubin Blitz, has prosecuted this appeal from a judgment of the Civil District Court which dissolved, on motion of the defendant, a writ of sequestration previously issued by the court upon his application.

The facts which gave rise to the issuance of the writ are as follows:

During the month of April 1935, plaintiff sold and delivered to the defendant, under written contracts with full reservation of his vendor's lien and privilege, certain articles of household furniture for a total price of $877.31 payable on the instalment plan. On March 20th, 1937, he filed a petition in the First City Court of New Orleans to recover the balance of the purchase price, alleging that the defendant had defaulted in payment of the instalments due under the contracts. He further sought recognition of his vendor's lien on the furniture and, upon setting forth the proper statutory averments, obtained the issuance of a writ of sequestration. In accordance with this writ, the constable seized the furniture in the hands of the

*Rehearing denied April 24, 1939.

defendant and appointed the plaintiff as warehouseman of the property during the pendency of the suit. On May 24, 1937, plaintiff's suit was dismissed by the First City Court on the ground that the amount in controversy exceeded the jurisdictional limit of that court.

As soon as the suit was dismissed by the City Court, the defendant made a demand upon the constable for return of the furniture seized under the writ of sequestration. Before the property was delivered by the constable, and while it was in the plaintiff's custody as the constable's warehouseman, the plaintiff filed the present suit in the Civil District Court seeking the same relief prayed for by him in his petition to the First City Court. Upon the allegations contained in his petition to the effect that he feared that the defendant would conceal, part with or dispose of the furniture during the pendency of the suit, the court below issued the writ of sequestration now under consideration.

In due course, the defendant appeared and moved to dissolve the writ on two grounds—(1) that the affidavit in support thereof is insufficient to justify the issuance of the writ in that it fails to set out that the furniture was in his possession or to set forth any facts showing that it was within his power to conceal, part with, or dispose of the property during the pendency of the suit, and (2) that the affidavit is false and untrue for the reason that the plaintiff well knew that, at the time he made it, the furniture was not in defendant's possession but was being held by the constable of the First City Court under a writ of sequestration in the matter entitled Rubin Blitz v. Paul Guenin, Jr., No. 256,020 of the docket of that court.

The case proceeded to trial on defendant's motion and the court, after hearing the facts of the matter, dissolved the writ.

It will be seen from the foregoing that the sole question presented for our determination is whether a writ of sequestration may be legally issued where it appears that the defendant does not have the physical possession of the movable in contest. The law applicable to the case is Art. 275 of the Code of Practice and Act No. 190 of 1912. The pertinent provisions of the Article of the Code of Practice read as follows:

"Sequestration may be ordered at the request of one of the parties in a suit, in the following cases: * * *

"7. The plaintiff may obtain a sequestration in all cases where he has a lien or privilege on property, upon complying with the requisites provided by law.

"8. A sequestration may be ordered in all cases, when one party fears that the other will conceal, part with, or dispose of the movable *in his possession,* during the pendency of the suit, upon complying with the requisites of the law." (Italics ours.)

And Act 190 of 1912 provides:

"In cases of sequestration of movable property obtained upon the grounds specified in Paragraph 8 of Article 275 of the Code of Practice, whether based upon a claim to a right of possession to, or upon a claim to a privilege upon movable property, *the fact that it lies within the power of the defendant to conceal, part with, or dispose of the movable in his possession,* during the pendency of the suit, *shall be deemed sufficient to justify an affidavit by the plaintiff, for the purposes of obtaining the writ of sequestration, that he fears that the defendant will so conceal, part with, or dispose of the property in question."* (Italics ours.)

Prior to the passage of the statute of 1912 hereinabove quoted, it was well settled by the courts of this State that the plaintiff, in obtaining a writ of sequestration, must sustain by proof the particular grounds upon which he based his fear that the defendant would remove, conceal or dispose of the property in controversy. See Vives v. Robertson, 52 La. Ann. 11, 26 So. 756, and Lawyers Cooperative Publishing Co. v. Garland, 6 Orl.App. 231. Since that time, however, it has been repeatedly adjudged that it is sufficient for a plaintiff, in order to be entitled to the maintenance of a writ of sequestration, to make an affidavit in accordance with the language of the Act and that it is not incumbent upon him to show any reason why he fears that the defendant will conceal, part with, or dispose of the movable during the pendency of the suit. See Max Barnett Furniture Co. v. Martel, 3 La.App. 234, and cases there cited.

It is the defendant's contention that sequestration can never be legally issued unless it appears that the defendant has the physical possession of the movable at the time plaintiff makes his sworn ap-

plication for the writ. In support of this argument, he points to the language of Art. 275 of the Code of Practice and that Act No. 190 of 1912, which refers to "movables in his possession" and states that the word "possession" was clearly intended to mean the actual physical possession of the defendant.

On the other hand, counsel for plaintiff tell us that the word "possession" as used in the article and the statute refers to the civil possession of the movable and that it is immaterial whether the defendant has the actual custody of the thing if it appears that he has the legal right of control over it.

 It is obvious from the language of Act No. 190 of 1912 that it was the Legislature's intention to permit the issuance of writs of sequestration in all cases where it lay within the power of the defendant to dispose of the movables during the pendency of the suit. It is true that the lawmakers limited the plaintiff's right to cases where the thing was in the defendant's possession. But can it be said that the word "possession", as used in the Act, means that the defendant must have the manual custody of the thing at the time the writ is applied for? We do not think so.

Possession is defined by Art. 3426 of the Civil Code to be "the detention or enjoyment of a thing, which we hold or exercise by ourselves, or by another who keeps or exercises it in our name." It may be either natural or civil. Art. 3427. Civil possession occurs as regards personal property when a party "ceases to detain the movable which he possessed, but without intending to abandon the possession". Art. 3429.

It will therefore be seen that possession, broadly speaking, is not to be considered as synonymous with physical custody but that it includes the right to control and dispose of the thing even though the owner does not actually have it in his hands. The Legislature, in Act No. 190 of 1912, has not indicated a purpose to restrict the issuance of writs of sequestration to cases where the defendant has the manual possession of the thing. On the contrary, the statute clearly discloses a purpose to protect claimants to movables by the issuance of writs of sequestration in all cases where the defendant is in a position to dispose of the property to their prejudice.

 Hence the question to be determined is whether, under the situation here presented, it lay within the power of the defendant to part with the ownership of the furniture during the pendency of this suit and thereby deprive the plaintiff of his vendor's lien. As related above, it appears that, prior to the dismissal of plaintiff's suit in the First City Court, the constable had the legal possession of the furniture. When that suit was dismissed because of the court's lack of jurisdiction, the possession, together with the right to control and dispose of the furniture, became revested in the defendant notwithstanding the fact that the constable had the manual custody of it. In other words, the legal possession of the constable was divested by the dismissal of plaintiff's suit and from that time on, he pro tanto, became a trustee for the defendant and was holding the property subject to the latter's orders. It may be said that the legal possession of the constable did not terminate until the delay, in which the plaintiff might have taken a suspensive appeal from the judgment of dismissal, had expired. Such an argument is completely answered by the fact that the plaintiff abandoned his right to appeal from the judgment of the First City Court by filing the present action in the Civil District Court and at that moment the civil possession of defendant to the furniture was reinstated.

The view we entertain in this matter finds support in the case of Lannes et al. v. Courege et al., 31 La.Ann. 74. There it appeared that Courege had obtained physical possession of 137 promissory notes which were owned by the plaintiffs and had brought suit against the makers of those notes in the Fourth Justice's Court. As soon as the plaintiffs were advised of the suits, they sued out an injunction against Courege and also caused 38 of the notes, which had been filed by him in the Fourth Justice's Court in the proceedings he had instituted against the makers thereof, to be sequestered. Courege moved to dissolve the writ on the ground that the notes sequestered were not in his possession but were in custodia legis because they had been filed in the proceedings in the Fourth Justice's Court. The Supreme Court, in dismissing the motion to dissolve the writ, was of the opinion that the notes, while in the physical custody of the Fourth Justice's Court, were still in Courege's civil possession since they had been filed as evidence

in the case and could have been withdrawn by him at any time on an ex parte order.

The holding in that matter is apposite in principle to the situation here under discussion. When the plaintiff's suit was dismissed in the First City Court, the constable, as custodian of the furniture, became the agent of the defendant and, as such, was required to deliver physical possession to the latter on his order.

The case of General Motors Acceptance Corp. v. Sneed et al., 167 La. 432, 119 So. 417, cited by the defendant is not applicable to the facts here presented. There, it appeared that the defendant Longino had sold the mortgaged property to third persons prior to the issuance of the writ of sequestration and that, at the time suit was filed, the property was neither in his possession nor under his control.

For the reasons assigned, the judgment appealed from is reversed and it is now ordered that the motion filed in these proceedings by Paul Rene Guenin to dissolve the writ of sequestration be and it is overruled; that the writ be maintained and that the cause be remanded to the Civil District Court for further proceedings according to law and consistent with the views herein expressed. Costs. of this appeal to be borne by the defendant in suit, all other costs to await the final determination of the case.

Reversed and remanded.